## COLUMBUS PIPE & EQUIPMENT CO., Plaintiff-Appellant, v. RILEY, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23107. Decided July 16, 1954.

McConnell, Blackmore, Cory & Burke, Cleveland, for plaintiff-appellant.
Sam H. Griff, Cleveland, for defendant-appellee.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District sitting by designation in the Eighth District.)

304

## OPINION

By HUNSICKER, J:

This is an appeal on questions of law, although the briefs of the parties state the appeal to be on questions of law and fact.

The Columbus Pipe and Equipment Company filed an action in the Court of Common Pleas of Cuyahoga County to perpetuate the testimony of certain witnesses to an accident, involving a motor vehicle operated in their behalf by their agent, and a motor vehicle owned and operated by Woodrow Riley, the defendant below and appellee herein.

Woodrow Riley filed an answer and cross-petition in the actions, and the case proceeded to trial as though Woodrow Riley was the plaintiff and Columbus Pipe and Equipment Company was the defendant.

After a lengthy trial to a jury, a verdict and judgment thereon were rendered for Columbus Pipe and Equipment Company. Thereafter the trial court, upon motion, granted Woodrow Riley a new trial, stating the reason to the effect that the court erred in its charge to the jury to the prejudice of Riley.

The Columbus Pipe and Equipment Company then filed a motion for judgment, which the trial court overruled.

The appeal by the Columbus Pipe and Equipment Company is before this court on the following assignment of error:

"The trial court erred in overruling the defendant's motion for directed verdict and its motion for judgment, after the new trial, was overruled, for reasonable minds could only conclude that plaintiff was negligent and that his negligence proximately contributed to cause the collision."

The accident occurred about 2 o'clock P.M. on October 1, 1952, on Ohio State Route 14 (a 20 foot-wide paved highway) approximately 2½ miles southeast of Ravenna, Ohio. Riley, with a passenger named Oatts, was driving toward Pittsburgh when, upon making a sharp right-hand turn up a steep grade, his automobile and the truck of Columbus Pipe and Equipment Company, sideswiped each other, causing severe injuries to Riley.

There was no motor vehicle immediately ahead of either Riley or the Pipe Company truck. The day was dry and clear and visibility was excellent. The truck driver and the occupant of an automobile following the truck were able to see and did see Riley before he started to make the curve and drive up the hill. These parties, of course. were looking down on the road from an elevation. Riley testified that he never saw the truck until the moment of the collision. His passenger said he first saw it when it was about 50 feet away. Many photographs of the highway at and near the scene of the accident were admitted in evidence and Riley and the witnesses marked these photographs to show where the collision occurred.

From the evidence in this case, is it possible that reasonable minds could come to any conclusion but that Riley was, as a matter of law, guilty of negligence which directly and proximately contributed to cause his own injuries? Is the appellant, Columbus Pipe and Equipment Company entitled by law to judgment in its favor? Should the trial court have granted

the motion for judgment on the evidence, following the granting of Riley's motion for a new trial?

The Ohio Supreme Court, in the recent case of **Gray v. Youngstown Municipal Railway Company, 160 Oh St 511**, said:

"2. Where during a trial of an action a party moves for directed verdict at appropriate stages, which motions are overruled, and secures a verdict and judgment in his favor and the court thereafter grants a new trial, such party may then under **Sec. 11681 GC**, forthwith move for judgment in his favor 'upon the evidence received upon the trial.' such motion will in effect renew the motions for a directed verdict and the overruling of such motion will constitute a final appealable order."

In a consideration of the problem which confronts us, this court must give to Riley the benefit of the most favorable inferences to be drawn from the evidence, and if such evidence reasonably warrants different and conflicting inferences, then the Columbus Pipe and Equipment Company is not entitled to a judgment herein.

**Wilkinson, Admr., v. Erskine & Son Inc., 145 Oh St 218; Purdy, Admr., v. Kerentoff, 152 Oh St 391.**

When we examine the evidence—the oral testimony as well as the photographs—we find a considerable conflict; for if both active parties (Riley and Waters, the driver for the appellant) are believed, they came into the curve on State Route 14, each driver on his right side of the highway at least one foot to the right of the center line.

Riley never saw the truck except at the time of the impact. He said he was driving naturally, looking ahead, although he may have been talking to his passenger. This testimony by Riley, standing alone, might indicate that Riley was not exercising due care in the operation of his automobile. Oatts, his passenger, did see the truck coming around the curve, although for a distance of only 50 feet, and he judged the speed in his oral testimony at 50 to 60 miles per hour.

In a statement given to an investigator for the appellant, Pipe Company, the investigator stated that Oatts said,

"I saw a tractor-trailer outfit coming down hill out of the curve at a rather fast speed. I cannot estimate the speed because I wasn't paying that much attention to it."

Riley said on cross-examination, it came just like lightning, but in direct examination he estimated the speed from 65 to 70 miles an hour. Riley, although admitting that there was no vehicle in front of him, insisted that the curve blocked his view of the truck, which admittedly was coming down hill and around a curve.

Speed, failure to see the truck, width of highway, and the view from the top of the hill, were not the basic controlling factors in this case. The only reason there was an accident is because one or the other of the active parties (Riley or Waters) was over the center line of the highway. Riley insisted he was on his right side of the highway and that, as the truck swung into the curve, it tilted over the center line, thereby causing a rearview mirror attached to the side of the tractor to brush an open window vent on Riley's car, thus forcing him to the left and hence to scrape along the side of the trailer. Oatts the passenger in Riley's car, lent some substantiation to this theory.

Waters, the driver of the tractor-trailer outfit, and two other witnesses

riding in an automobile directly behind Waters, denied that Waters moved to the left over the center line of the highway; these persons all insisted that Riley was the one to move to his left across the dividing line, and hence into the side of the trailer.

It is thus shown that the basic facts are in great conflict, although in many of the circumstances the great weight of the testimony supports the view that Riley never did know exactly what happened. We, however, are not called upon to weigh the evidence.

When we give to the appellee. Riley, the benefit of the most favorable inferences reasonably to be drawn from the evidence, we must conclude that the Trial Judge did not commit error prejudicial to the rights of the appellant, Columbus Pipe and Equipment Company, when he overruled the motion for judgment made after a motion for a new trial was sustained.

The judgment is affirmed.

DOYLE, PJ, STEVENS, J, concur.