**KUNTZMAN, ATLAS ASSURANCE COMPANY, LTD., and AMERICAN CASUALTY COMPANY, Plaintiffs-Appellees, v. FOLDEN, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5588.   Decided April 15, 1957.

Richard Huggard, Columbus, for plaintiffs-appellees.

Ballard, Dresbach, Crabbe & Newlon, Charles E. Brown, of Counsel, Columbus, for defendant-appellant.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the plaintiffs-appellees.

The parties will be referred to hereafter as they appeared in the trial court.

The record reveals that the action is one for damages alleged to have been caused by the negligent manner in which the defendant was operat-

ing her automobile on the highway as she approached the intersection of State Routes No. 310 and No. 16.

At the conclusion of all the evidence plaintiffs' counsel moved for an order withdrawing from the jury all questions of negligence and submitting the case on the amount of the damages only. The motion was sustained over the objection of the defendant, and the question presented is whether or not this constituted prejudicial error. In other words, the court decided that the defendant was guilty of negligence which was a proximate cause of the alleged damages.

The evidence discloses that State Route No. 310 runs in a northerly and southerly direction and dead-ends with its intersection with State Route No. 16, which runs east and west; that Route No. 310 has a stop sign erected at the intersection which requires traffic to yield the right of way to that proceeding in a lawful manner on Route 16. The defendant was proceeding in a northerly direction on Route 310, the evidence reveals, came to the intersection, made a stop, then proceeded to make a left turn and drove in a westerly direction on Route 16. After she had proceeded approximately 300 feet on Route 16 a heavy truck and trailer, weighing 21 tons, owned by the plaintiff Kuntzman and being operated by his agent, approached the defendant from the rear. Being unable to stop and avoid striking her car, he elected to pass her on the right causing the truck to run off the road and overturn. It came to a stop approximately 375 feet beyond the intersection. The tractor was demolished and the trailer badly damaged. The defendant testified that there was a hill on the east approach of Route 16 and that her view was clear to the crest of the same approximately three-tenths of a mile distant; that when she entered the intersection she looked to the east and saw nothing approaching. The driver of the truck testified that he was driving 35 to 40 miles per hour and could stop at this speed at approximately 300 feet; that when he was 175 feet from the intersection he saw the defendant's car stop at the intersection and proceed into it and turn west; that he immediately applied his brakes with the ensuing results.

It will be noted that there was a direct conflict in the evidence as to the location of the truck when the defendant entered the intersection. Obviously, the speed of the truck became a factual question as well as the proximate cause of the injury. If the truck was not approaching the intersection in a lawful manner it lost its right of way and the question of contributory negligence became an issue.

The credibility of the witnesses, the weight to be given to their testimony and the inferences to be derived therefrom are all matters for the sole determination of the jury.

The leading case in Ohio on the question of directing a verdict or taking the case from the jury is the well known case of **Hamden Lodge v. The Ohio Fuel Gas Company, 127 Oh St 469,** which abolished the scintilla rule in this state. Paragraphs 3 and 4 of the syllabus appear to the applicable to the case at bar, to wit:

"3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such

favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.

"4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

In considering the evidence presented in this case most strongly in favor of this defendant, as we are required to do, we are of the opinion that reasonable minds may not come to the same conclusion as to the facts in issue; hence the case should have been submitted to the jury. See Wilkeson, Admr. v. Erskine & Son, Inc., 145 Oh St 218; Glasco v. Mendelman, 143 Oh St 649; Columbus Pipe & Equipment Co. v. Riley, 70 Abs 303. The rule in this state seems to be well summarized in 39 O. Jur. 796, Section 181, to wit:

"A motion for a nonsuit or for a directed verdict should be denied if substantial evidence or proof has been offered by the party against whom the motion is directed covering all material averments required to prove his case and tending to make a prima facie case for him. The whole trend of judicial opinion in Ohio is to the effect that the right to trial by jury must be jealously guarded, for which reason, if the trial court has any doubt as to his right to grant a nonsuit or direct a verdict, the motion should be refused. It is only where no evidence has been introduced by the plaintiff tending to support the issue or where it is such as to show clearly that he has no cause of action—that is, when all the evidence and all reasonable inferences therefrom favor the instructed verdict or a nonsuit—that the case can be taken from the jury and decided by the court. * * *"

We are of the opinion that the court erred in sustaining the plaintiff's motion. The judgment will be reversed and cause remanded for further proceedings according to law.

PETREE, PJ, HORNBECK, J, concur.