### MOLLOY v. CITY OF NEW ROCHELLE.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—BIDS — NONACCEPTANCE — ACTION FOR DAMAGES.

New Rochelle Charter, Laws 1899, p. 163, c. 128, § 33, provides that in case of improvements costing over $200 the city shall advertise for bids; and that the contract shall be let to the lowest responsible bidder. Defendant asked for bids for the grading of city streets, reserving the right to reject any or all bids. Plaintiff, who was then solvent and qualified to do the work, filed the lowest bid; but it was rejected, and the contract let to the next highest bidder. Held, that plaintiff could not recover damages from the city for loss of profits by the city's wrongful conduct in failing to award the contract to him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 862.]

Exceptions from Trial Term.

Action by Frank W. Molloy against the city of New Rochelle. A judgment was rendered dismissing the complaint, and plaintiff's exceptions were ordered to be heard in the Appellate Division in the first instance. Exceptions overruled. Judgment sustained.

Argued before JENKS, HOOKER. GAYNOR, RICH, and MILLER, JJ.

L. Laflin Kellogg (Alfred C. Petté, on the brief), for plaintiff.
William D. Sawyer, for defendant.

RICH, J.  The facts in this case are substantially as follows:  The·
defendant's charter (Laws 1899, p. 163, c. 128, § 33) provides:

"Whenever any expenditures to be made or incurred by the common council·
or city board or any city officer in behalf of the city for work to be done, or
materials or supplies to be furnished, except ordinary repairing and macadam-
izing of . streets, shall exceed two hundred dollars, the city clerk shall ad-·
vertise for and receive proposals therefor, in such manner as the common coun-
cil, or as the board or officer charged with making such contract shall pre-·
scribe, and the contract therefor shall be let to the lowest responsible bidder,.
who shall execute a bond to said city with one or more sureties, being free-
holders, for the faithful performance of the contract," etc.

The defendant's common council caused a notice to be published for·
sealed proposals for regulating and grading certain of its streets, stat-·
ing in the advertisement:

"The common council reserves the right to reject any and all bids."

The plaintiff duly filed proposals for a portion of the work.  Six·
bids were received, including plaintiff's, which were referred to the·
street and sidewalk committee of the common council and the city en-
gineer to be tabulated, the result of which established the plaintiff·
to be the lowest, with a bid of $61,626.30; Ensinger Bros. were next
lowest, with a bid of $64,204.40; and the other bids ran from $69,150·
to $84,395.  The committee and engineer reported this result to the
common council, with their recommendation that the contract for the·
improvement for which the plaintiff bid be awarded to Ensinger Bros.
On the filing of this report the council rejected plaintiff's bid and·
awarded the contract to Ensinger Bros. at the amount of their bid,.
$64,204.40, against plaintiff's written protest that he was the lowest
responsible bidder and entitled under the charter provisions to the·
contract.  He thereupon brought this action, in which he seeks to re-
cover damages alleged to have been sustained through loss of profits.
by the refusal of the common council to award the contract to him.
The learned trial justice, at the close of plaintiff's evidence, upon de-
fendant's motion, dismissed the complaint, holding as matter of law
that the action could not be maintained, and the correctness of this.
decision presents the only question for our consideration.

The plaintiff was the lowest bidder, and at the time of filing his.
proposal he was solvent, and by experience was qualified to do the·
work.  There was a failure on his part to comply with the require-
ment to verify his proposal, no signature being attached to the affidavit,.
although the notary attached his signature and office thereto, which the·
plaintiff contends, under the decision of McCord v. Lauterbach, 91
App. Div. 315, 86 N. Y. Supp. 503, made the bid irregular, and jus-·
tified its rejection by the council; and, while the case is an authority
for this contention, we do not care to determine the question here pre-
sented upon that ground.  The plaintiff relies upon People ex rel.
Coughlin v. Gleason, 121 N. Y. 631, 25 N. E. 4, as authority for his.
contention that under the provisions of defendant's charter it was oblig-
atory upon the common council, if it awarded the contract to either·

of the bidders, to award it to plaintiff; that no right existed for theii arbitrary rejection of plaintiff's bid in favor of a higher bidder; and that, in the absence of proof of facts tending at least to show that plaintiff was not responsible, his right to recover the damages sustained through loss of profits was established. Conceding this contention (with the exception of the right of recovery), the cases cited by counsel do not sustain the proposition that, upon the facts disclosed by the record before us, the unsuccessful bidder may maintain an action against the municipality to recover the damages he is alleged to have sustained through loss of profits. The case of People ex rel. Coughlin v. Gleason, supra, presents a motion for a peremptory writ of mandamus directed to the mayor of Long Island City, commanding him to issue a warrant to the relator for a sum audited and allowed him as a contractor by the common council of said city. That body had awarded a contract over the veto of the mayor to a higher bidder, and it was sought to compel the mayor to draw a warrant in his favor for some portion of the contract price audited and allowed by the common council. The mayor resisted the motion upon the ground that the contract was illegal and void. That case does not sustain the contention that an action may be maintained for damages.

No contractual relation existed between the parties in the case at bar, and I am unable to find any authority in support of the existence of a right to recover damages in such an action. The authorities cited by plaintiff are all based upon an acceptance of the bid, which established a contractual relation from which flowed the right of recovery. As has been repeatedly held, a provision for the award of a contract to the lowest responsible bidder, by a municipal corporation, is intended to benefit the taxpayers, and not the bidder. The duty is a public one, and not for the benefit of individuals or the promotion of private interests. Its violation does not inure to the benefit of the lowest bidder, and the statute creates no liability in terms for such violation. Had the plaintiff commenced the proper proceeding against the defendant's common council to prevent its entering into a contract with Ensinger Bros., and to compel the award of the contract to him, he might have found relief, and the very results contemplated by the statute would have been effected; but there is no rule of law permitting the recovery of damages by the lowest responsible bidder in an action brought against the municipality upon the facts presented by this record.

The exceptions taken at the trial must be overruled, the decision of the trial court in dismissing the complaint sustained, and judgment entered upon the dismissal, with costs.

Exceptions overruled, and judgment affirmed, with costs. All concur.