[No. 11909. Department One. August 11, 1914.]

SEATTLE CONSTRUCTION AND DRY DOCK COMPANY, *Respondent*, v. FRED W. NEWELL et al., *Appellants.*[1]

CONTRACTS—MUTUALITY—OPEN BIDS—WITHDRAWAL BEFORE ACCEPTANCE. Contractors submitting a bid for construction work under an invitation therefor containing a reservation of the right to reject any and all bids received, may withdraw the same at any time before acceptance, since the bid was no more than a proposal, and there could be no mutuality or contract relation until the acceptance of the bid.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 10, 1913, upon findings in favor of the plaintiff, in an action for an injunction. Affirmed.

*Shorett, McLaren & Shorett*, for appellants.
*Bogle, Graves, Merritt & Bogle*, for respondent.

CHADWICK, J.—The plaintiff tendered a bid for the construction of a dredge for the defendants Commissioners of Commercial Waterway District No. 1, King county, state

[1]Reported in 142 Pac. 481.

of Washington. On December 7, plaintiff gave notice that it withdrew its bid. On December 10 "On motion, the board voted to reject all bids on dredging and dredge." On December 14, the defendant commissioners gave notice to plaintiff that its bid was accepted and that it would be required to enter into a formal contract within ten days. This plaintiff refused to do, and an order was entered by the commissioners forfeiting a certified check for the sum of $8,000 which had accompanied the bid. Whereupon this action was brought to restrain the commissioners from cashing or transferring the check. After due trial, the court entered a decree in favor of the plaintiff, and defendants have appealed.

The defendants have undertaken to show that, at the time bids were received, it could not, because of certain legal proceedings then pending, lawfully enter into a contract, and that this was understood by the plaintiff. The officer of plaintiff having the matter in charge disputes this testimony. It is also insisted that the record showing a rejection of all bids was not intended to apply to plaintiff's bid. But whatever the fact may be, the only question is the legal question whether one who has submitted a bid can withdraw it at any time before it is accepted by the one calling for the bid.

An open bid to do a certain thing, the one receiving the bid having reserved the right to reject any and all bids, is no more than a proposal. It creates no contract relation until it is formally accepted, and pending that time, the proposer is free to withdraw his proposal, unless there be some contravening statute. *Molloy v. New Rochelle*, 123 App. Div. 642, 108 N. Y. Supp. 120.

It has been held that, where bids are called for to be let to the lowest bidder, a contract right is created, and that the contracting body cannot reject the bid at will but may be compelled to enter into a formal contract. McQuillin, Municipal Corporations, § 1229. To avoid this rule, agents contracting for the public, as well as individuals, have come

to reserve the right to reject any or all bids. "The rule between individuals is that until the proposal is accepted it may be withdrawn"; for, as is said in *Moffett, Hodgkins & Clarke Co. v. Rochester*, 178 U. S. 373, "the transaction had not reached the degree of a contract—a proposal and acceptance." Where there is a reservation on the part of a municipality to reject any and all bids, there can be no mutuality until the bid is accepted, and until it is accepted, the proposer is under no obligation to keep it good, but may withdraw it. To say that a municipal corporation may reserve its right to reject a bid which, in their judgment, may be too low to insure good work or involve a moral hazard that in their judgment it would be unwise to assume, and to hold a bidder bound in such cases before acceptance, would be to say that mutuality is not an essential in contracts in which the public is concerned. The right of a municipality to postpone the time when negotiations may become effective as a contract is sustained by the greater weight of authority. McQuillin, Municipal Corporations, § 1228. In the case of *Stern v. Spokane*, 60 Wash. 325, 111 Pac. 231, we upheld the right of the city council of the city of Spokane to exercise an almost plenary power in the matter of refusing to contract under an invitation reserving the right to reject any and all bids. In that case, the bidder was insisting upon his right of contract upon the ground that his bid was the lowest bid and that he was a responsible party. We quoted from the case of *Anderson v. Public Schools*, 122 Mo. 61, 27 S. W. 610, 26 L. R. A. 707, wherein it is said:

"Whatever its rules or practice, as to the acceptance of bids may have been, plaintiffs' rights can not be justly held to be greater than those conferred by the published advertisement on which their bid was made. That advertisement was not an offer of a contract; but an offer to receive proposals for a contract."

The cases cited and relied upon by the defendants are to be distinguished in this, that the negotiations of the parties had so far progressed that the court could say that the transaction had assumed the status of a contract.

Affirmed.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.