BORO-WIDE SCHOOL TRANSPORTATION CORP., Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, New York County, February 1, 1937.

*Philip R. Wagenheim* [*James Ireland* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*H. Broadman Epstein* of counsel], for the defendants.

COTILLO, J.   This is a motion to dismiss the complaint by one who it may be assumed was the lowest responsible bidder on an invitation for bids for transportation of school children.   On the day the corporation counsel advised the acceptance of plaintiff's bid, a rival, Children's Bus Service, Inc., which was a higher bidder, instituted mandamus proceedings and served a stay of the award. Later the stay was vacated and Children's Bus Service, Inc., without notice to and knowledge of plaintiff, was permitted to reduce its bid and received the award.   This action is brought for damages against the board of education.

What was the remedy of the plaintiff after the award to its rival? It could not waive this mandamus but it could sue upon proof of violation of statute by defendant, obtain an injunction in its capacity as a taxpayer and probably also in its own capacity. (McQuillin Municipal Corporation [2d ed.], § 1342.) It might institute an action for damages if its bid was accepted but the defendant refused to execute a final contract. *Lynch* v. *Mayor* (2 App. Div. 213) and *Beckwith* v. *City of New York* (121 id. 462) are authority for this proposition. But here the city had not yet accepted the bid, although to be sure, it was ready to accept. There is no authority for an action where there was no award, formal or informal. There is a dictum in *East River Gas Light Co.* v. *Donnelly* (93 N. Y. 557) which discussed the possibility of an action in such a case without definitely expressing an opinion. It may be safely said, therefore, that there is no legal basis for such an action at law. Plaintiff was not without remedy to restrain the arbitrary action of the board and its violation of law in refusing to accept the lowest bid. It failed to take advantage of this remedy, which, while not primarily intended to redress a private wrong, might indirectly have compelled the award to it as the lowest responsible bidder. It is not, under the circumstances, entitled to seek a direct redress for the private wrong to it.

The motion to dismiss the complaint is granted. Settle order.