In the Matter of DICTAPHONE CORPORATION, Appellant, against JOSEPH V. O'LEARY, as Commissioner of Standards and Purchase of the State of New York, et al., Respondents.

492

Argued January 12, 1942; decided March 5, 1942.

*Charles H. Tuttle* and *Thomas E. Kerwin* for appellant. The Appellate Division was right in its finding that Thomas A. Edison, Incorporated, was not the lowest responsible bidder, but it was wrong in its further conclusion that notwithstanding the mandatory provisions of section 174 of the State Finance Law (Cons. Laws, ch. 56) the Commissioner could give to the Edison Company an exclusive award of the entire requirements of the state for dictating machines and equipment. (*Standard Oil Co.* v. *Morris*, 151 Misc. Rep. 345.) The action of the Commissioner was void as arbitrary and unreasonable. (*People ex rel. E. C. T. Club* v. *State Racing Comm.*, 190 N. Y. 31; *People ex rel. Coughlin* v. *Gleason*, 121 N. Y. 631; *Grace* v. *Forbes*, 64 Misc. Rep. 130; *Matter of Small* v. *Moss*, 277 N. Y. 501; *Burland Printing Co.* v. *LaGuardia*, 9 N. Y. Supp. [2d] 616.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* and *Isaac Marks* of counsel), for Joseph V. O'Leary, as Commissioner of Standards and Purchase, respondent. The power to award contracts in the event of tie bids is a practical necessity and a reasonable regulation. (Cons. Laws, ch. 56, §§ 163, 164, 174.)

*Ellis J. Staley, Roger Hinds* and *William J. Cahill* for Thomas A. Edison, Incorporated, respondent. The award to Thomas A. Edison, Incorporated, was made pursuant to the legal power of the Commissioner, and was valid. (*Matter of Saratoga Springs* v. *Saratoga G., E. L. & P. Co.*, 191 N. Y. 123; *Schumer* v. *Caplin*, 241 N. Y. 346; *People ex rel. Emigrant Industrial Sav. Bank* v. *Sexton*, 259 App. Div. 566; *Darweger* v. *Staats*, 267 N. Y. 290; *United States* v. *Grimaud*, 220 U. S. 506; *Maryland Casualty Co.* v. *United States*, 251 U. S. 342; *Niagara Falls P. Co.* v. *Water P. & C. Comm.*, 267 N. Y. 265.) The Commissioner did not abuse his discretion or act arbitrarily. (*Matter of Coombs* v. *Edwards*, 280 N. Y. 361; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *Matter of Pruzan* v. *Valentine*, 282 N. Y. 498; *Matter of Stracquadanio* v. *Department of Health*, 285 N. Y. 93.)

LEHMAN, Ch. J. The State Finance Law (Cons. Laws, ch. 56) provides that " in the manner provided by this article and the rules adopted pursuant thereto the commissioner of standards and purchase shall have jurisdiction and control of the standardization and purchase of materials, equipment and supplies required by or for the state or any state department, board, commission, office, or institution, * * *. Except as provided in this article, any or all materials, equipment, and supplies needed by or for one or more departments, boards, commissions, offices, or institutions of the state may be directly purchased or contracted for by the commissioner of standards and purchase, as may be determined from time to time by rules adopted pursuant to this article; and materials, equipment and supplies so required shall be so directly purchased or contracted for by such commissioner except in cases where, by rule or order, he authorizes the purchase of such materials directly by the department, board, commission, office or institution requiring them." (Art. XI, § 161.)

In the letting of contracts there must be compliance with the provisions of the statute. Section 174 provided in 1940 that " Contracts with the commissioner of standards and

purchase or with a state department or institution, or other agency of a department, shall be let to the lowest responsible bidder, taking into consideration the qualities of the articles proposed to be supplied, their conformity with the specifications, the purposes for which required and the terms of delivery. * * * The commissioner may purchase materials, equipment and supplies to an amount not exceeding one thousand dollars without competitive bidding, and may by rule prescribing the amount, not exceeding five hundred dollars, authorize purchases, without competitive bidding, of specified materials, equipment and supplies by any state department or institution or other agency of a department."

In 1940 the Commissioner requested submission of bids for supplying " office machinery (dictating, transcribing and shaving machines and accessories)." Bids were submitted by the Dictaphone Corporation and by Thomas A. Edison, Inc. The bidders offered to supply the various articles described in the specifications at exactly the same prices. Apparently the submission of such bids by these two corporations had become a custom, if not a habit; for similar identical bids had been submitted by them each year since 1934, and in each year the Commissioner of Standards and Purchase then in office had ruled that the equipment of both firms is " similar " and that the results obtained from each are " substantially " the same, and for that reason had accepted both bids and had left the head of any department, requiring any of such business machines, free to choose the machine supplied by either corporation. Dissatisfied with that method of purchasing needed supplies, the Commissioner inserted in the specifications upon which bids were solicited in 1940 a clause that " award shall be made to the lowest responsible bidder conforming to specifications. In the event of tie bids, the decision of the Commissioner of Standards and Purchase shall be final." After receipt of the bids, the Commissioner awarded the contract to Thomas A. Edison, Inc.

Dictaphone Corporation then brought proceedings under article 78 of the Civil Practice Act, challenging the power of the Commissioner to award an exclusive contract to Thomas A. Edison, Inc. The Appellate Division has sustained the determination of the Commissioner, holding that he had power to choose between the two bidders who had submitted identical bids; that the clause inserted in the specifications constituted an appropriate rule or method to give effect in such case to the provisions of the statute; and that, in any event, the appellant, having submitted a bid upon specifications which provided that the Commissioner might in the case of tied bids make final decision, could not in this proceeding challenge an adverse decision by the Commissioner.

Where equally responsible bidders offer to provide articles described in the specifications for exactly the same price the Commissioner in deciding which of the bidders should be accepted as the lowest bidder, may give consideration to " the qualities of the articles proposed to be supplied, their conformity with the specifications, the purposes for which required and the terms of delivery," and upon these factors he may base his decision of which bid should be accepted. He may not decide to award the contract to both bidders and thus relieve himself of the duty of determining which of two similar bids is lowest. The language of the statute is not open to the construction that two or more bidders submitting identical bids may be considered " *the* lowest bidder." Such construction would, indeed, tend to thwart rather than to promote the purpose of the statute. It would tend to make ineffective the statutory barriers against collusive bidding and to make the choice of equipment used by the state depend on sale pressure exercised upon departmental heads rather than upon price and quality which the Legislature has decreed shall be the factors which must determine choice. The Commissioner's ruling in 1940 that the practice previously adopted must be abandoned is correct. Under the provisions of the statute, where two bids are tendered at the same price the Commissioner must decide which of the two bids is lowest or must reject both bids.

His decision, however, must be based upon the considerations specified in the statute. Here the Commissioner claims the right to base decision upon other considerations. It may be that a broader power of choice should be given to the Commissioner, but such arguments must be addressed to the Legislature. We are told that it may be impossible to choose in this case between the two lowest bidders if only the quality of the articles and their conformity to the specifications may be considered. In that case, new bids must be asked, or the supplies required must be purchased in amounts not exceeding $1,000. We recognize that such purchases may work to the disadvantage of the state. The Commissioner must find the remedy within the powers granted to him by the statute, or ask the Legislature for increase of such powers.

He cannot by establishing rules enlarge the powers conferred by the Legislature. He derives his authority to make rules from section 163 of the statute, and that authority is limited to the administrative field defined in the first nine subdivisions of the section and to " such other matters as may be necessary to give effect to the foregoing rules and the provisions of this article." The clause which the Commissioner inserted in the " specifications " upon which he invited bids may not be given effect as a rule established in accordance with section 163, if it is intended to confer upon the Commissioner a discretion wider than the discretion vested in him under the statute. Even if the Legislature could delegate to the Commissioner legislative power to extend the scope of a provision contained in the statute, it has not attempted to do so. We need not now decide whether the petitioner by submission of a bid upon specifications which contained the clause that " in the event of tie bids, the decision of the Commissioner of Standards and Purchase shall be final " has acquired any right to challenge the decision thereafter made; for even if the petitioner has no such right the courts may not sanction the award of a contract made upon the decision of the Commissioner which is not in accord with the statute, though made with an eye directed solely to the best interests of the state.

The orders of the Appellate Division should be reversed, and the matter remitted to the Commissioner to determine if possible the lowest bidder, in accordance with the provisions of section 174 of the State Finance Law.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.