Saul S. Streit, J.
This is a proceeding under article 78 of the Civil Practice Act to review a determination and award of a contract made by the respondent, Commissioner of Purchase of the City of New York.
Pursuant to section 343 of the New York City Charter, the respondent Commissioner caused proposals for bids to be advertised for the furnishing and installation of steel lockers in the hew Supreme Court Building in Brooklyn. Petitioner’s bid was $9,995.07. Respondent, Penco Metal Products Company, sub *107 mitted a lower bid, in the sum of $8,138.40. The latter’s bid, however, omitted pages D-l and D-2 of the mimeographed ‘ ‘ Special Instructions To Bidders ’ ’ which had constituted part of the terms required to be incorporated in the bids submitted. The affidavit of the Commissioner states that he ‘ ‘ was then prepared to declare Penco Metal Company to be an informal bidder and to disqualify the bid ” but that because the Penco bid wás lower, he wrote letters dated October 8 and October 16, 1958 to Penco advising the latter of its omission and stating that he would have to disqualify it. On October 30,1958 the Commissioner received a letter from Penco authorizing him to insert the two omitted pages in Penco’s proposal. He thereupon accepted Penco’s bid.
On October 3, 1958, when the bids were opened, Penco’s bid did not comply with the advertised requirements for valid bids in that it omitted pages D-l and D-2. The bid was, therefore, not a valid bid and the petitioner, as the next lowest bidder, was entitled to have the contract awarded to it under the provisions of subdivision b of section 343 of the charter, unless all bids were rejected or “unless the board of estimate, by a three-fourths vote shall determine that it is for the public interest that a bid other than that of the lowest responsible bidder shall be accepted ”. No claim is made by respondent Commissioner that petitioner is not a responsible bidder or that the Board of Estimate approved the award to Penco. To permit the terms of a bid to be amended after the opening of the bids might well tend to defeat the purpose and object of section 343, which contemplates that the contract be awarded to the person whose sealed bid is the lowest responsible bid at the time the bids are opened. Giving bidders the right to amend their bids after the opening of the sealed bids would have a tendency to encourage the submission of improper bids or bids higher in amount than the bidders were ultimately willing to bid. The policy of the statute is to encourage bidders to submit sealed proper bids in the lowest possible amounts, prior to the opening of the bids. The Commissioner had no right, in the court’s opinion, to permit Penco’s bid to be amended after the opening of the sealed bids. Although the Standard Instructions To Bidders provided that the Commissioner has ‘ ‘ the right to waive any informality in a bid when such waiver is in the interest of the City ’ ’, the Commissioner’s own affidavit shows that he regarded the omission of pages D-l and D-2 as invalidating the bid and disqualifying the bidder and not as a mere informality. Furthermore, the omission of those pages was not waived' by the -Commissioner for he refused to accept Penco’s bid until the pages had been *108 retroactively incorporated in its bid. This occurred, however, after the opening of the bids and was, therefore, too late.
Although the Commissioner’s action in accepting Penco’s bid was, therefore, a violation of section 343 of the charter, it does not necessarily follow that petitioner is entitled'to an order directing that the contract be awarded to it or that it is entitled to any relief (Luboil Heat & Power Corp. v. Pleydell, 178 Misc. 562; Epstein Co. v. City of New York, 100 N. Y. S. 2d 326, 330-331).
The provisions of section 343 were intended for the benefit of the city and not for the benefit of disappointed bidders, such as petitioner. Thus, failure to award a contract to a low bidder gives the latter no right to damages even if section 343 required the acceptance of his bid (Luboil case, supra). It is true that an unsuccessful bidder has standing to maintain a proceeding to review the award of a contract in violation of a statute requiring that the contract go to the lowest bidder (Matter of Dictaphone Corp. v. O’Leary, 287 N. Y. 491; Matter of Cestone Bros. v. Solowinski, 276 App. Div. 970, 971; Kniska v. Splain, 110 N. Y. S. 2d 267, 269), but this procedure is sanctioned merely to ensure enforcement of the statute (Dictaphone Corp. v. O’Leary, supra, p. 491).
The courts are, however, loath to award relief in the nature of mandamus, which is discretionary, unless a clear case of arbitrary and illegal action, without reasonable explanation or excuse, is presented (Luboil case, supra; Epstein Co. v. City of New York, supra, pp. 330-331).
The circumstances of the case now before the court are such that a proper exercise of its discretion would seem to require denial of the motion. Petitioner waited from November 19, 1958, the date Penco’s bid was accepted, to March 13, 1959 to institute this proceeding. In the meantime, Penco had commenced performance of the contract claimed to have been improperly awarded to it. Petitioner did write a letter of protest on December 5,1958 and another on January 23,1959, but it commenced no proceeding until March 13, although its letter of January 23 indicates that petitioner was aware that Penco was already in the midst of performance: “I would like to have an explanation from you as to why this material was permitted to be delivered in a set-up condition by Penco ”. Furthermore, unlike the facts in the usual mandamus proceeding of this type, where the petitioner’s bid is the lowest bid, the contract awarded by the Commissioner to Penco provides for a lower contract price than that which the city would have to pay petitioner. The court could, as Mr. Justice Shientag did in the Luboil case *109 (supra) grant the present application only to the extent of directing the Commissioner to award the contract in accordance with the requirements of section 343 and thus afford him an opportunity of obtaining the approval, by a three-fourths vote of the Board of Estimate, of the award of the contract to Penco. In the instant case, however, in view of the laches of petitioner, the fact that the Penco contract has been partially performed, and the fact that the city, for whose sole benefit section 343 was intended, would presumably save money if the Penco contract were permitted to stand, the court is of opinion that the discretionary remedy sought should not be granted.
Motion denied.