William R. Brennan, Jr., J.
This is a proceeding pursuant to article 78 of the Civil Practice Law and Rules in the nature of a mandamus, wherein petitioner, a general contracting corporation, which was the low bidder among 11 contracting companies which submitted bids for general contract work for the erection of the new county jail house, seeks to annul the determination of respondents County of Nassau, Eugene H. Nickerson, County Executive, and Eugene F. (ribbons, Commissioner of Public Works, refusing to accept the bid of petitioner and award the contract to it.
Upon oral argument, the court dismissed the petition against the other defendants constituting the Board of Supervisors of the County of Nassau, since no determination of the board was presented for review.
The facts are not in dispute, and are set forth in detail in the moving papers and in the respondents’ notice of motion to dismiss the petition, which latter notice, together with its supporting documents, was stipulated upon oral argument by both counsel to constitute respondents’ answer to this proceeding.
The chronology of undisputed events is as follows: On February 3, 1964, a notice to bidders inviting sealed bids to be received on or before March 17, 1964 at 10:30 a.m., was duly published. On the latter date, all bids were duly opened and taken under study. Of the 11 bids submitted on the general construction portion of the contract, the bid of Angelo J. Martone & Son, Inc., of $2,140,000 was some $89,000 lower than the next lowest bid and $286,000 lower than the highest bid. Two days thereafter, on March 19, Michael R. Martone, a Deputy County Attorney, the son of Angelo J. Martone, presi *806 dent of petitioner corporation, and at that time an officer, stockholder and director of the corporation, requested of the Nassau County Board of Ethics an advisory opinion as to whether or not any conflict of interest existed in his occupying public office while at the same time being interested in the corporation which was the low bidder. In an informal opinion, evidently to be formalized some time in the future, and which is not as yet before this court, it appears that the Board of Ethics concluded that the situation would be violative of section 22-4.2 of the County Code of Ethics and that upon acceptance of the bid Mr. Michael R. Martone should resign as Deputy County Attorney. In the meanwhile, since the Martone corporation had not previously bid on any Nassau County construction projects, the Public Works Department conducted an investigation of the corporation. This investigation revealed that the bid was in order, that the financial condition, reputation, skill and capability of the firm indicated it to be in all respects competent and acceptable as a bidder, and that the company was anticipated to be able to complete the job in a satisfactory manner. On April 15, 1964, aware of the relationship between the petitioner corporation and Michael R. Martone, the Public Works Department requested of the County Attorney an opinion concerning the advisability of awarding the contract to the petitioner, and on April 17, the County Attorney rendered his opinion to the effect that “ a contract with Angelo J. Martone & Son, Inc. for the construction of the new County jail building would be void.” On April 22, 1964, a special meeting of the board of directors of the petitioner corporation was held, at which meeting Michael R. Martone resigned as a member of the board and as an officer of the corporation and made arrangements to sell his one share of stock to the corporation. On April 24, 1964, the petitioner was notified that his low bid was being rejected because of the alleged conflict of interest.
It might be noted at this point that there is absolutely no claim whatsoever that Angelo J. Martone or Michael R. Martone were guilty of any self-dealing, fraud, collusion or attempts to influence any county officials. It is conceded by all that both father and son are persons of high integrity and, also, that Michael R. Martone did not participate in the preparation of bids and did not influence any person with respect thereto. It is conceded that Mr. Martone’s legal activities were confined to condemnation matters and tax certiorari matters, and that he did not have the ‘ ‘ slightest connection ’ ’ with the construction of the new jail or the legal incidents connected with that construction.
*807 Respondents’ motion to dismiss the proceeding will be considered at the outset. Two distinct arguments are advanced in support of this motion, the first of which is that a mandamus type proceeding does not lie because petitioner has no vested right to be awarded the contract. Reliance is placed upon People ex rel. Belden v. Contracting Bd. (27 N. Y. 378 [1863]), in which case the Court of Appeals restricted a low bidder on a public contract to an action for damages and denied him mandamus type relief. In that case, as in many others which followed, emphasis was made of the fact that the contract had already been awarded to another, and it is apparent that the decision rested largely upon that fact. Such is not the situation here. The county has not yet let the contract to another, but has only expressed an intention to do so. Be that as it may, the Belden case {supra) is today at best a very limited authority. In Matter of Dictaphone Corp. v. O’Leary (287 N. Y. 491 [1942]), the Court of Appeals specifically held that an unsuccessful bidder may institute a proceeding in the nature of mandamus to review an award, and, in doing so, it laid to rest the argument now advanced to the effect that petitioner has no vested right. The court, in fact, held that it made no difference, for it stated (p. 496): “even if the petitioner has no such right the courts may not sanction the award of a contract made upon the decision of the Commissioner which is not in accord with the statute, though made with an eye directed solely to the best interest of the state.”
The Appellate Division, Second Department, has set forth the present rule in Matter of Cestone Bros. v. Solowinski (276 App. Div. 970, 971): “In view of the decision by the Court of Appeals in Matter of Dictaphone Corp. v. O’Leary (287 M. Y. 491), resort to a proceeding under article 78 of the Civil Practice Act, may be had by a party who is the lowest bidder and who asserts that by illegal action of a board he has been denied the award of a contract.” (Emphasis supplied.) (See, also, Glen Truck Sales & Serv. v. Sirignano, 31 Misc 2d 1027 [Hopkins, J.].) It is thus clear that mandamus is the appropriate remedy and respondents’ argument must be rejected.
The next argument advanced in support of the motion to dismiss is to the effect that the county had ample discretion to refuse to let the contract to the petitioner and that, since it in no way abused that discretion, its decision may not be disturbed. This is a fair statement of an abstract legal principle (Matter of Tuller Constr. Co. v. Lyon, 257 N. Y. 206) but it has no applicability to the case at bar. The plain fact *808 is that the county exercised no discretion whatever in deciding not to award the bid to petitioner. It did not even act in a discretionary area, but rested its decision solely and exclusively upon its own conception of a specific point of law. Discretion is the power of choice or free decision within certain legal bounds. The true area of discretion, then, is one wherein a public board or officer is given the right to weigh various factual criteria and act upon its own evaluation of such criteria. If it does so in a plausible and reasonable manner, its determination cannot be upset even though a court may have acted differently. (Matter of W. J. Gaskell, Inc. v. Maslanka, 33 Misc 2d 88.) Respondents here did make their evaluation of the factual criteria encompassed in the term ‘1 lowest responsible bidder ” and, as will be noted below, found the petitioner to be the lowest responsible bidder. Insofar as this factual determination is concerned, the court could not set it aside. Respondents, notwithstanding that factual determination, however, have refused to award the contract to petitioner on legal grounds alone. The act of determining legality or illegality, however, is simply not a discretionary act. It is a determinative act and may accordingly be reviewed not for the purpose of determining arbitrariness or capriciousness but correctness. This argument, then, must also be rejected and the motion to dismiss in all respects denied.
The merits of the proceeding are accordingly reached, and the question to be determined is simply whether or not there is a legal impediment to awarding the construction contract for the new county jail house to the petitioner corporation. If there is no legal impediment, then respondents have acted improperly, though with the highest motivation, in announcing their intention to award the contract to another. If there is such an impediment, then the proceeding must be dismissed on the merits.
Under section 2206 of the County G-overnment Law (L. 1936, ch. 879, as amd.) the respondents are required to let the contract “ to the lowest responsible bidder ”. Respondents have conceded that the petitioner was the lowest bidder, and they have conceded that the petitioner is a responsible bidder insofar as responsibility 1 ‘ implies skill, judgment and integrity as well as sufficient financial resources.” (Picone v. City of New York, 176 Misc. 967, 969.) Thus, the clear mandate of the statute is that the contract be let to the Martone company unless to do so would render the contract illegal under other provisions' of law.
*809 Three separate theories of illegality have been brought to the attention of the court and each will be considered separately.
The first is section 2202 of the County Government Law which reads as follows: ‘ ‘ Pecuniary interest of officers, employees or agents in execution of contracts prohibited. No officer, employee or agent of the county, whether he be such by election, appointment or contract, shall directly or indirectly, either on his own behalf or for another person or corporation, make or participate in making, including the preparation of specifications or plans, or in any way influence the action of any other officer or employee or agent in relation to the making, or be a member of the board of supervisors or any other board or commission whose consent or approval is necessary to the making, of any contract or agreement for the purchase, lease or sale by the county of any real estate, article, commodity or service in which contract or agreement said officer or employee or agent is interested directly or indirectly as principal or agent or as an officer of or owner of stock in a corporation. If any such officer or employee or agent shall wilfully violate the provisions of this section, such contract or agreement shall be voidable, and such officer or employee or agent shall be guilty of a misdemeanor and upon conviction thereof shall forfeit his office or employment or agency and shall be further punished by a fine of not more than one thousand dollars or by imprisonment for not more than six months or by both such fine and imprisonment.”
There is clearly no violation of this statute, because Michael R. Martone did not, directly or indirectly, participate in the preparation of bids and would not have participated in the execution of the contract, and did not influence any other person in these respects. To state these facts is only to paraphrase the County Attorney who agrees in all respects that there is no violation of this section.
The next theory of illegality, and one upon which respondents rely, is clause (1) of paragraph (a) of subdivision 1 of section 22-4.2 of the Nassau County Administrative Code which constitutes the -Code of Ethics of the county recently adopted on July 22, 1963. This section provides as follows:
‘ ‘ 1. CONFLICTS OF INTEREST PROHIBITED.
“ (a) No officer or employee of the County of Nassau, whether paid or unpaid, shall
“ (1) Be or become interested directly or indirectly in any manner whatsoever, except by operation of law, in any business or professional dealings with the county or any agency thereof.”
*810 There is no doubt that if the contract were awarded to the Martone company at a time when Michael R. Martone was an officer or director or a stockholder of that company, Michael R. Martone would be guilty of a conflict of interest under the Code of Ethics. This simple declarative statement, however, is in no way dispositive of the issue presented in this case. Two subsidiary questions arise, the first of which is that since Michael R. Martone is no longer an officer, director or stockholder of the Martone company, will he now be guilty of a conflict of interest if the contract is awarded to the Martone company? This question, as will appear below, is not within the province of this court, in this case, to determine. The answer must be given, in the first instance, by the Nassau County Board of Ethics which has not made any determination of any conflict of interest of Michael R. Martone under his present status. The court is not called upon to determine whether or not Michael R. Martone is guilty of a conflict of interest, but is called upon to determine whether or not the Martone company, in all other respects qualified, is disqualified by virtue of Michael R. Martone’s former association with that company.
This second question is of far greater importance and is clearly presented. Unlike section 2202 of the Charter (of which there is no violation), the Code of Ethics is absolutely silent with respect to sanctions against companies or corporations doing business with the county. The penalties provided in subdivision 6 of the code are directed solely against the county’s employee who is guilty of a conflict of interest. The penalties are simply forfeiture of pay and suspension or removal from office. Nowhere is it even suggested that any penalties by imposed against an outside company, and it must be assumed that if the Board of Supervisors had intended, in adopting the code, to void contracts with the county if the contracting company happened to have a stockholder who was in the county’s employ, it would have said so in the ordinance. It is obvious that it had no such intention, and it is only common sense that indicates why. There are many corporations which do business with our County Government and the stock of many of these is widely held. Is it to be suggested that such a company, having no control whatsoever over who purchases its stock is to be penalized merely because a county employee becomes such a stockholder in violation of the ethics code? To impose such a penalty would be to violate all principles of fair play and to adjudicate guilt without fault.
It is this court’s belief that codes of ethics are adopted for the purpose of imposing upon public officials a much higher *811 standard of conduct than that which exists in the business community. They are not in any way directed at the business community itself. There are ample statutes and well-established rules of law which do regulate the area of relationship between the business community and the Government, so that in any cases of bribery, influence peddling, collusion, or fraud, contracts which arise as a result thereof may be voided in their entirety. There is not even the softest hint of any wrongdoing in this ease, and any violation of the ethics code by Michael It. Martone which may exist, or may have existed, is solely a technical violation. To penalize the petitioner corporation for such a violation and at the same time impose upon the county .an extra charge of $89,000 would be unwarranted in the absence of an express statutory mandate. It is thus concluded that technical violations of ethics codes by county employees do not, in and of themselves, taint contracts by third parties with the county, where the guilty employee has an interest in the contracting company. It must be emphasized, however, that we are here dealing with a technical violation. As noted above, integrity of a company is one of the criteria which may be considered in determining whether it is a responsible bidder. If the respondents had made a finding that the relationship between Michael R. Martone and the petitioner company, or his actions in public office, reflected in any way upon the integrity of the company, its president, or its bid, then a different question would be presented. No issue of integrity is even raised and it must accordingly be held that the contract was in no way voided by any provision of the ethics code.
The final point raised by the respondents is that the contract is void under the common law. It may be summarily disposed of. All the authorities submitted involve corruption, fraud or violations of public policy. They are simply not appropriate to the case at bar.
It might be noted that the action of respondents in rejecting petitioner was motivated by the highest ideals and this court is in no way holding that it was an arbitrary or capricious act. What is held is simply that the Code of Ethics is not as broadly comprehensive as respondents have conceived.
The petition is accordingly granted to the extent of holding that the reason relied upon by respondents for rejecting petitioner as low bidder is an insufficient and improper reason, and remanding the matter to the respondents for action not inconsistent with this opinion.