In the Matter of DANIEL F. ALLEN, Doing Business as DANIEL F. ALLEN & Co., Appellant, v. JACOB EBERLING et al., Constituting the Board of Commissioners of the East Farmingdale Garbage District, Town of Babylon, Respondents.— In a proceeding under article 78 of the CPLR, instituted by the lowest bidder for a garbage-removal contract for the year 1964: (1) to set aside the award of such contract to a rival contractor; (2) to direct that the contract be awarded to petitioner; and (3) for damages for loss of profit for that portion of the contract year during which the petitioner was illegally deprived of the contract, the petitioner appeals from so much of an order of the Supreme Court, Suffolk County, entered January 20, 1965 on reargument, as denied him such damages. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Before damages may be awarded in an article 78 proceeding it must appear: (1) that the damages are incidental to the primary relief sought, and (2) that the damages are such as the petitioner could recover in an independent and separate action (CPLR 7806; McKinney's Cons. Laws of N. Y., Book 7B, CPLR 7806, Practice Commentary, p. 253; cf. *People ex rel. Walker* v. *Ahearn,* 139 App. Div. 88). As will appear, the second requirement is not met here because petitioner has neither statutory nor common-law right to damages. The duty of the respondent board to advertise for bids is set forth in section 103 of the General Municipal Law, which prescribes when and the manner in which a municipality shall request bids and award contracts. This and similar statutes were enacted to protect municipalities and the taxpayers therein, not to benefit or enrich bidders (*Molloy* v. *City of New Rochelle*, 198 N. Y. 402, affg. 123 App. Div. 642; *Matter of General Steel Prods. Corp.* v. *City of New York*, 18 Misc 2d 106; *Matter of Luboil Heat & Power Corp.* v. *Pleydell*, 178 Misc. 562; 10 McQuillin, Municipal Corporations [3d ed.], § 29.29, pp. 266–267). While it is true that an unsuccessful bidder has standing to maintain a proceeding to review the award of a contract in violation of a statute requiring that the contract go to the lowest responsible bidder (*Matter of Dictaphone Corp.* v. *O'Leary*, 287 N. Y. 491; *Matter of Cestone Bros.* v. *Solowinski*, 276 App. Div. 970, 971; *Kniska* v. *Splain*, 110 N. Y. S. 2d 267, 269), this procedure is sanctioned merely to ensure enforcement of the statute (*Matter of Dictaphone Corp.* v. *O'Leary, supra,* p. 491). The unsuccessful bidder is not entitled to recover from the municipality the profits which he might have made had his bid been accepted (*Molloy* v. *City of New Rochelle, supra*; *Smith* v. *City of New York,* 10 N. Y. 504; *Boro-wide School Transp. Corp.* v. *Board of Educ. of City of N. Y.,* 162 Misc. 1; *People ex rel.*

*Haecker Sterling Co.,* v. *City of Buffalo,* 176 N. Y. S. 642; 10 McQuillin, Municipal Corporations [3d ed.], § 29.86, pp. 374–375). Accordingly, appellant has no statutory right to damages by reason of the improper rejection of his bid. Nor does he have a right to damages on the common-law theory of breach of contract (*Molloy* v. *City of New Rochelle, supra; Smith* v. *City of New York, supra*). Cases cited by appellant (*Matter of Karaffa* v. *Simon,* 29 Misc 2d 219, revd. 14 A D 2d 978; *Burgos* v. *State of New York,* 40 Misc 2d 971) are distinguishable. In each of them the petitioner alleged a cause of action upon which he could recover damages in an independent action. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.