■ BARRETT FOODS CORP., Respondent, v NEW YORK CITY BOARD OF EDUCATION, Appellant.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the appellant to award the petitioner a certain contract, the appeal, as limited by the appellant's brief, is from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Spodek, J.), dated March 9, 1987, as, upon reargument, adhered to its original determination granting the petition and awarding the petitioner the contract.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In September 1986 the New York City Board of Education solicited bids for a contract to process food commodities into different categories of precooked products. Although Barrett

Foods Corp. appeared to be the low bidder on certain categories, the appellant rejected the petitioner's bid on the ground that it failed to abide by the bid instructions. The petitioner instituted the instant proceeding to compel the appellant to award it the contract. The Supreme Court granted the petition. The appellant moved for reargument, reargument was granted, but the court adhered to its original determination. This appeal ensued.

By its terms, the contract expired on September 30, 1988. Given this fact, as well as the fact that the petitioner did not seek and could not obtain damages in this action (see, Matter of Allen v Eberling, 24 AD2d 594), it is clear that the rights of the parties will not be directly affected by the determination on appeal. Therefore, the appeal must be dismissed as academic (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). We note that the appellant does not oppose the dismissal of this appeal as academic. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.