■ STRIDE CONTRACTING CORP., Also Known as STRIDE CONSTRUCTION CORP., et al., Respondents, v BOARD OF CONTRACT AND SUPPLY OF THE CITY OF YONKERS et al., Appellants.—In an action to recover damages for the wrongful rejection of the plaintiffs' bid for a contract, the defendants Board of Contract and Supply of the City of Yonkers and the City of Yonkers appeal from (1) an order of the Supreme Court, Westchester County (Facelle, J.), entered March 23, 1990, which, upon a prior order of the same court (Buell, J.), dated November 17, 1988, granting the plaintiffs' motion for summary judgment, and upon the parties' written stipulations as to damages in lieu of an inquest, is in favor of plaintiffs and against them in

the principal sum of $108,105, and (2) a judgment of the same court, entered April 23, 1990, thereon.

Ordered that the appeal from the order entered March 23, 1990, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated March 23, 1990, and the order dated November 17, 1988, are vacated, the plaintiffs' motion for summary judgment is denied, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In the spring of 1985, the defendants Board of Contract and Supply of the City of Yonkers and the City of Yonkers advertised an invitation for bids for the replacement of sidewalks at various locations in the City of Yonkers. The plaintiffs submitted a bid in response to the advertisement. The defendants rejected the plaintiffs' bid and awarded a sidewalk replacement contract to another contractor who, the plaintiffs claim, had submitted a higher bid.

In November 1985 the plaintiffs in the instant action commenced a proceeding pursuant to CPLR article 78 to review the award of the contract to the other bidder and to direct that they be awarded the contract. By judgment dated February 19, 1986, the Supreme Court, Westchester County (Buell, J.), declared that the award of the contract to the other bidder was void and directed that the defendants "expeditiously take the steps necessary to award the * * * contract to [the plaintiffs]". The court held that, although the City Engineer's records reflected that the contract was not awarded to the plaintiffs because "when proper extensions were made" it was found that the plaintiffs' bid was not the lowest, the defendants failed to explain why an "extension" was necessary or what constituted a "proper extension" of a bid price. It also held that the contract was awarded to a contractor whose bid was $600 more than that made by the plaintiffs.

The plaintiffs moved to compel compliance with that judgment, but by order entered September 25, 1986, the motion was denied "without prejudice to * * * a plenary action for money damages".

The plaintiffs subsequently commenced the instant action, alleging that, by failing to award them the contract, the defendants caused them damages in the amount of $108,105. The defendants denied the plaintiffs' allegations and asserted as a defense, *inter alia,* that the relief requested was unavailable pursuant to General Municipal Law § 103, which was enacted to protect municipalities and the taxpayers, not to benefit bidders. The plaintiffs' motion for summary judgment on the issue of liability was granted by order of the Supreme Court, Westchester County (Buell, J.), dated November 17, 1988, and an inquest on damages was directed. The defendants filed a notice of appeal from that order but did not perfect the appeal.

By stipulation dated January 31, 1990, the parties waived their rights to a formal inquest on the issue of damages, and agreed to a determination of the issue based upon written submissions. By order entered March 23, 1990, the Supreme Court, Westchester County (Facelle, J.), determined that the plaintiffs suffered damages for lost profits of $120,350. However, the court only awarded the plaintiffs $108,105, the amount set forth in the ad damnum clause of the complaint. Judgment in the action was entered on April 23, 1990.

The plaintiffs assert that the order dated November 17, 1988, granting them summary judgment on the issue of liability, was final and thus not brought up for review on the defendants' appeal from the final judgment awarding damages. Alternatively, the plaintiffs assert that the defendants are precluded from raising the issue of liability in this court, since they neglected to perfect their appeal from that order. We disagree. CPLR 5501 (a) (1) provides that an appeal from a final judgment brings up for review any nonfinal judgment or order which necessarily affects the final judgment. The defendants' appeal from the final judgment entered April 23, 1990, brings up for review the order dated November 17, 1988. We note that the defendants' appeal from that order was never dismissed. Therefore, the doctrine enunciated in *Bray v Cox* (38 NY2d 350), is not applicable here.

Having thus determined that the order dated November 17, 1988, is reviewable, we find that the court erred by granting summary judgment to the plaintiffs. In *DiBerardino's, Inc. v Rome Consol. School Dist.* (134 Misc 2d 288, 289), the court stated that: "The bidding process has been described as a quasi-judicial governmental function. Also, the awarding of a bid is a discretionary act of the responsible official. Generally,

it has been held that there is no waiver of immunity by the State and, thus, no suit for damages is permitted".

While an unsuccessful bidder has standing to maintain a proceeding to review the award of a contract in violation of a statute requiring that the contract go to the lowest responsible bidder, this procedure is sanctioned only to ensure enforcement of General Municipal Law § 103, which prescribes when and the manner in which a municipality shall request bids and award contracts (see, Matter of Allen v Eberling, 24 AD2d 594). That statute was enacted to protect municipalities and its taxpayers, not to benefit bidders (see, Matter of Allen v Eberling, supra, at 594). The unsuccessful bidder is not entitled to recover from a municipality the profits which it might have made had its bid been accepted (see, Molloy v City of New Rochelle, 198 NY 402; Matter of Allen v Eberling, supra, at 594). Thus, contrary to their contentions, the plaintiffs have neither a statutory right to damages by reason of the defendants' refusal to award them the contract nor a right to damages on the common-law theory of breach of contract (see, Molloy v City of New Rochelle, supra; Woods Adv. v Koch, 178 AD2d 155; Barrett Foods Corp. v New York City Bd. of Educ., 144 AD2d 410; Matter of Allen v Eberling, supra, at 595).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.