In the Matter of TULLER CONSTRUCTION COMPANY, Respondent, against WILLIAM H. LYON et al., as Sewer Commissioners of the Belgrave Sewer District, Town of North Hempstead, Appellants.

(Argued June 9, 1931; decided July 15, 1931.)

*G. Burchard Smith* and *James L. Dowsey* for appellants. Section 234 of the Town Law does not limit the right to reject any bid, in the event that all are not rejected, to a bid other than the lowest. (*Walter* v. *McClellan,* 113 App. Div. 295; 190 N. Y. 505.)

*William J. Morris, Jr.,* for respondent. The appellants did not comply with section 234 of the Town Law respecting the contract for the construction of a sewer system. (*Molloy* v. *City of New Rochelle,* 123 App. Div. 642; *People ex rel. Coughlin* v. *Gleason,* 121 N. Y. 631; *Walsh* v. *Mayor,* 113 N. Y. 142; *People ex rel. Coughlin* v. *Gleason,* 121 N. Y. 631; *Arensmeyers-Warnock-Zarndt* v. *Ray,* 118 Misc. Rep. 618.) The petitioner was the lowest responsible bidder. (*Syracuse Intercepting Sewer Board* v. *Fidelity & Deposit Co.,* 255 N. Y. 288; *Dickinson* v. *City of Poughkeepsie,* 75 N. Y. 65.) The petitioner, under the statutory provisions, was entitled to the contract, and the order of peremptory mandamus should have been granted. (*Molloy* v. *City of New Rochelle,* 198 N. Y. 402.)

*Per Curiam.* The appellants, sewer commissioners, upon opening the bids for sewer construction work, found the bid of the respondent to be $101,515, and the bid of the Gifford Construction Company to be $102,185, the latter being the higher by .$670. The statute provides: " The commissioners may accept or reject any or all proposals, and when the contract is let it shall be let to the lowest responsible bidder." (Town Law; Cons. Laws, ch. 62, § 234.) The commissioners called for. financial statements from each bidder and they were submitted. After examination of these statements, the commissioners determined that the bid of the petitioner-respondent, Tuller Construction Company, " was not a desirable bid to accept for the best interests of the sewer district because the financial statement of the petitioner did not impress the commissioners. favorably," and let

the contract to the Gifford Construction Company. We think that the commissioners, in so finding, in effect determined that the Tuller Construction Company was not a " responsible bidder " and consequently that the Gifford Construction Company was " the lowest responsible bidder." We think that they were justified in making that determination and that they should not be directed by the court to decide otherwise and relet the contract to the Tuller Construction Company.

The order of the Appellate Division should be reversed and that of the Special Term affirmed with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.