In the Matter of JOHN KNISKA et al., Doing Business as ATLANTIC DENTAL LABORATORY Co., Petitioners, against JOHN SPLAIN, as Commissioner of Purchase of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, February 21, 1952.

*Nathan Weinstein* for petitioners.

*Denis M. Hurley, Corporation Counsel* (*Murray Krukin* of counsel), for John Splain, as Commissioner of Purchase, and another, respondents.

*John S. Finn* for Frank Allen, doing business as Frank Allen Dental Laboratory Co., respondent.

HOFSTADTER, J. The petitioners, conducting the Atlantic Dental Laboratory Co., in this proceeding under article 78 of the Civil Practice Act, seek to have the award to another bidder of a contract for dentures for the department of welfare of the City of New York rescinded and a direction that the contract be given to them instead. The successful bidder, the respondent Frank Allen Dental Laboratory Co. had bid $105,891.25, which was about $6,000 more than the bid of the petitioners.

After the opening of the bids on December 3, 1951, a committee, composed of representatives of the department of purchase, the department of welfare and the comptroller's office, accompanied by members of the advisory dental board (members of the dental profession unconnected with the city administration) made an inspection of the petitioners' plant on December 11, 1951. In a detailed written report dated December 12, 1951, the committee made findings adverse to the petitioners' plant. Thereupon a board of responsibility convened according to law, conducted a thorough investigation and heard evidence on the petitioners' responsibility. On January 3, 1952, in a unanimous report the board determined that " the Atlantic Dental Laboratory is not qualified by equipment, working space, personnel or standard of work product to meet the requirements for the performance of the said contract and is therefore not a responsible bidder entitled to the award of said contract ".

This proceeding was begun by service on the commissioner of purchase and on the commissioner of welfare on January 11, 1952. The respondent Allen Dental Laboratory has made a cross motion to dismiss for insufficiency. This proceeding under article 78 is properly brought by a low bidder to review the award of a public contract to a higher bidder (*Matter of Dictaphone Corp.* v. *O'Leary*, 287 N. Y. 491; *Matter of Cestone Bros.* v. *Solowinski*, 276 App. Div. 970). On its face the petition is clearly sufficient and the cross motion to dismiss is accordingly denied. Nor is the charge of laches directed against the petitioners sustained. The petitioners moved with dispatch as soon as they learned that the Allen Laboratory had received the contract.

On the merits, however, the petitioners must fail. Without expounding in detail the many grounds on which they assail the award of the contract to the respondent Allen, in essence the charge is that bad faith motivated the award and that the successful bid of the Allen Laboratory was " unbalanced ". It is said that the quantities of certain items estimated in the specifications differ sharply from the quantities actually used

as shown by experience and that the successful bidder, who had held similar contracts in prior years, took this into account in making his bid.

The court finds, however, that the determination of the board of responsibility that the petitioners are not a " responsible bidder " is amply justified. Its judgment was an honest exercise of discretion and, therefore, not to be disturbed (*Matter of Tuller Const. Co.* v. *Lyon*, 257 N. Y. 206; *Syracuse Intercepting Sewer Bd.* v. *Fidelity & Deposit Co.*, 255 N. Y. 288, 294). The decision was made after full inquiry by a body charged by law with the duty of passing on just such questions. Unless the court is to assume the performance of the administrative function committed to the board of responsibility it must, in the absence of a showing of fraud, bad faith, arbitrary or other illegal conduct, accept the board's findings. None of these elements has here been shown.

The determination that the petitioners are not a " responsible bidder ", upheld by the court is an insuperable bar to relief in this proceeding. Since the contract could not be awarded to the petitioners, whatever their bid, they are not legally aggrieved and have no personal interest in the outcome of this proceeding. A proceeding under article 78 " is not an alternative remedy for a taxpayer's action under § 51 of the General Municipal Law " (*Matter of Morse* v. *Ereth*, 80 N. Y. S. 2d 321, 322, affd. 273 App. Div. 938). Whether the award of the contract is open to attack in a taxpayer's action is not now before the court.

The application is denied and the petition is dismissed. Settle order.