In the Matter of FREDERICK W. KAELBER, Doing Business as FREDERICK W. KAELBER COMPANY, Respondent, against HENRY A. SAHM et al., Constituting the Town Board of the Town of North Hempstead, Nassau County, et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act, a final order was entered which granted the petition to annul a resolution of the town board of the town of North Hempstead pursuant to which a certain contract had been awarded to Morse-Boulger Destructor Company, Inc., and directed the town board and the town clerk to award the contract to the petitioner as the lowest responsible formal bidder. A subsequent order was entered which granted the appellants' motions for reargument, renewal and reconsideration insofar as they sought renewal or reconsideration on additional facts, adhered to the original decision and repeated the ordering paragraphs of the first order. The town officials and Morse-Boulger Destructor Company, Inc., appeal from the orders insofar as they granted the above relief sought by the petitioner. Orders reversed on the law and the facts, with one bill of $50 costs and disbursements, and petition dismissed, without costs. There is no dispute that the petitioner was financially responsible, had done satisfactory work for the town previously, had a substantial engineering and construction business, and that his bid was $30,000 less than the bid of the other company. The contract involved the construction and installation of incinerator equipment in an incinerator. It is also not disputed that the petitioner, who had previously constructed and installed incinerator equipment at other places, had never previously constructed a mechanical stoker or installed incinerator equipment involving a mechanical stoker, and that the successful bidder had patented one and installed many. The town board rejected petitioner's bid on the grounds that he had never previously installed or constructed incinerator equipment involving a mechanical stoker and that an installation of a mechanical stoker according to plans drawn by the petitioner, purportedly in accordance with the specifications prepared by the town's consulting engineer, would be experimental. The issue is not whether the determination of the town board was wise, but whether there was a reasonable and plausible basis for such determination. (Matter of Tuller Constr. Co. v. Lyon, 257 N. Y. 206; Matter of Cestone Bros. v. Solowinski, 276 App. Div. 970; 10 McQuillin on Municipal Corporations [3d ed.], § 29.73; Picone v. City of New York, 176 Misc. 967; Matter of Kniska v. Splain, 201 Misc. 729.) The duty devolved upon the town board (Town Law, § 197) to award contracts to the lowest responsible formal bidder requires consideration not only of the price bid but also of the qualifications of the bidders to perform the work proposed. (10 McQuillin on Municipal

Corporations [3d ed.], § 29.73.) In the absence of any finding of fraud on the part of the members of the town board, it is to be presumed that they honestly determined that there was risk in letting the contract to the petitioner. It was the province of the board to determine the significance of the mechanical stoker. What the stoker was to do in the incinerator rather than its cost is the measure of its importance. The notice to bidders included the specifications for a mechanical stoker. Having stated what was sought, the board called for a statement of the experience of bidders in similar work. No matter what investigation the board might have made, no experience of petitioner in the installation of mechanical stokers would have been revealed. It cannot be said as matter of law that the board should have been satisfied that the apparatus proposed to be installed by the petitioner, which had never been put to actual test, could do that which was to be done in the incinerator. In the absence of any proof that fraud or other misconduct on the part of the board motivated the rejection of petitioner's bid, it cannot be said that the board acted arbitrarily. The findings that the mechanical stoker was an insignificant part of the equipment, that the board acted arbitrarily, and that the petitioner was the lowest responsible formal bidder are reversed, and contrary findings are made. Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.