James D. Hopkins, J.
This is a proceeding under article 78 of the Civil Practice Act in which the petitioner, an unsuccessful bidder, seeks an order (1) directing the respondent members of *1028 the Board of Estimate of the City of Mount Vernon (hereinafter called “Board”) to annul and rescind a resolution accepting the bid of the respondent Atlas Equipment Sales, Division of Atlas Engine Rebuilders, Inc. (hereinafter called “Atlas”); and (2) directing the Board to accept the bid of the petitioner. Both respondents have moved to dismiss the petition on the ground that it is insufficient as a matter of law (Civ. Prac. Act, § 1293). For the purpose of the motion, the well-pleaded facts in the petition are deemed admitted (Matter of Schwab v. McElligott, 282 N. Y. 182, 185; Matter of Hassett v. Barnes, 11 A D 2d 1089). As thus admitted, these facts are:
The Board advertised for sealed bids for five heavy duty 36.000 lbs. gross weight dump trucks, to be submitted according to certain specifications and conditions, and on forms supplied by the Board. Among the instructions to bidders was the following: “ Bidders are to submit bona-fide detailed specification, description and illustration of unit bid upon. By that, we mean literature that is printed by the manufacturer. Any added clause or description typed or printed will not be accepted. Any alternates submitted with this specification, if not requested by the Commissioner of Public Works, will automatically disqualify said bidder. Any added clause or description typed or printed will not be accepted. ’ ’
Bids were submitted only by the petitioner and Atlas. The bids were opened on June 20, 1961. The bid of Atlas enclosed a loose sheet from the manufacturer, indicating that the gross weight of each truck was 31,000 lbs. After the opening of the bids, the Commissioner of Public Works handed to the Board two sheets of paper, not enclosed in the bid of Atlas, which indicated that the manufacturer was in a position to build trucks for municipal service having a gross weight each of 36.000 lbs. The petitioner’s bid complied with the requirements of the specifications. The bid of Atlas did not show that the net weight of the chassis and cab of each truck was 9,600 lbs. as stated in the specifications.
The bid of Atlas, net, was $53,265; the bid of the petitioner, net, was $57,243.85. The bid of Atlas was thus the lower of the two bids. After the bid opening, the petitioner protested the Atlas offer, claiming that under the law and the specifications the Atlas bid could not be properly received or considered by the Board. On August 15,1961 the Board by resolution accepted the bid of Atlas. This is the action sought to be reviewed by the petitioner in this proceeding.
The Charter of the City of Mount Vernon provides in part as follows:
*1029 “ § 73. Contracts. Except as otherwise provided by law, it shall be the duty of the board of estimate and contract, after public notice and in accordance with regulations to be prescribed by general ordinance of the common council, to let to the bidder whose bid is deemed * * * to be the most advantageous to the city * * * all contracts * * * in all cases where the expense * * * shall exceed the sum of one thousand dollars * * *.
“ § 74. Proposals. No contract shall be let, except after the receipt of sealed bids or proposals therefor * * *. After all the bids and proposals * * * shall be opened by some member of the board or by its clerk publicly and in the presence of the bidders * * * an abstract of all of such bids or proposals, with the prices and security offered, shall be transcribed in a book kept for that purpose, without any change, correction or addition whatever. * * * The board may reject all bids or proposals received at any meeting and advertise again for new bids or proposals ”.
The respondents’ motion tests the sufficiency of the facts pleaded in the petition, on two grounds: (1) that the Board in reviewing a bid may consider material not contained within the bid to determine whether it meets the specifications; (2) that on the admitted facts the action of the Board in accepting the Atlas bid was not arbitrary or capricious.
An aggrieved bidder for a public contract at first in our case law was said not to have standing by mandamus to contest the action of the public body in awarding the contract to another bidder (Matter of Cestone Bros. v. Solowinski, 276 App. Div. 970; see cases collected, ann., 80 A. L. R. 1382, 1383). This view was modified in Matter of Dictaphone Corp. v. O’Leary (287 N. Y. 491, 496) where the Court of Appeals held that an unsuccessful bidder may institute a proceeding under article 78 to review the award of a public contract, on the ground that “even if the petitioner has no such right [to challenge the decision] the courts may not sanction the award of a contract made upon the decision of the Commissioner which is not in accord with the statute, though made with an eye directed solely to the best interests of the state.” Thus, the courts may not interfere, in an article 78 proceeding brought by a bidder, with the lawful exercise of discretion vested in the awarding body, but is restricted to a review of the action taken to ascertain whether the award was made in accordance with law (Matter of General Steel Prods. Corp. v. City of New York, 18 Misc 2d 106; Matter of Kniska v. Splain, 201 Misc. 729; Matter of Luboil Heat & Power Corp. v. Pleydell, 178 Misc. 562).
*1030 Accepting the facts pleaded in the petition as true, as the court must on a motion to dismiss, the question presented is whether the Board was empowered in the exercise of discretion to allow Atlas to supplement its bid after all bids had been opened. In its original bid the Atlas bid did not conform to specifications, since the description furnished by it stated a tonnage less than the specifications required. It is the general rule that a bid for a public contract must comply with the conditions of the bidding (ann., 65 A. L. R. 835, 836). This general rule is subject, however, to the refinement that a variance may be waived by the public body, if not material (10 McQuillin, Municipal Corporations [3d ed.], § 29.68, p. 339). ‘ ‘ The test of whether a variance is material is whether it gives a bidder a substantial advantage or benefit not enjoyed by other bidders.” (1 Antieau, Municipal Corporation Law, § 10.11, p. 699; see, also, National Eng. $ Contr. Co. v. City of Cleveland, 70 Ohio Law Abst. 303.)
Thus, in Pascoe v. Barlum (247 Mich. 343) a bid was not void because it stated that delivery would be made in 3% months, instead of 90 days, as the specifications demanded; but in Attorney General ex rel. Allis Chalmers Co. v. Public Light. Comm. (155 Mich. 207) a supplemental bid submitted after the opening of bids which reduced the original bid price by $7,000 was declared void.
The aim of the City Charter, and of statutes generally which regulate the award of public contracts by bidding, is to obtain the lowest price for the work or object under consideration. To accomplish this end it is essential that competition be encouraged. That result may be best achieved by the observance of procedures which provide fair and equal opportunity and treatment to all bidders. ‘ ‘ Every element which enters into the competitive scheme should be required equally for all and should not be left to the volition of the individual aspirant to follow or to disregard and thus to estimate his bid on a basis different from that afforded to other contenders.” (Hillside Township v. Sternin, 25 N. J. 317, 322.) When essential information is missing from a bid when it is opened, it may not be supplied then or thereafter by a private understanding between the bidder and the board, nor otherwise (cf. Belousofsky v. Board of Educ., 54 N. J. Super. 219).
The vice of permitting a bidder to add to his bid, even to make it conform to the bid conditions is manifest: it gives an option to the bidder, after the bidding is public, to decide whether to remain in the competition or not, and thus to enjoy an advantage which the other bidders cannot have.
*1031 On its face, therefore, the petition is sufficient, and the motion to dismiss is denied. Answers which have been submitted by the respondents assert that the Atlas bid conformed in all respects to the requirements of the specifications, and that nothing was added to its bid after it was opened; the answers deny that the Commissioner of Public Works handed the two sheets in issue to the Board after the opening of the bids, and aver that the two sheets had been enclosed within the Atlas bid.
This issue of fact requires a trial. The proceeding is, therefore, transferred to Special Term, Part II Calendar for trial (Civ. Prac. Act, § 1295).