Lawrence H. Cooke, J.
In this article 78 proceeding, petitioner seeks a judgment “ reviewing, annulling and setting aside the decision of the respondent, Hon. James E. Allen, Jr., as Commissioner of Education of the State of New York, dated September 4, 1964, dismissing the appeal of the petitioner, and *709 setting aside and nullifying as illegal the contracts made between the respondents school districts and Continental Baking Company.” In its appeal to the Commissioner of Education, petitioner sought, among other things, to have said contracts can-celled on the ground that they are illegal, null and void and that petitioner be declared to be the lowest responsible bidder for the supply of bread and rolls to the school districts in question and that said school districts be directed to award the contracts to petitioner. Originally, contracts of 27 school districts located in Nassau and Suffolk Counties were involved but this proceeding has been narrowed down so as to concern the contracts of 10 of said districts.
So far as pertinent, it appears that these school districts advertised for bids for six different bakery items (with the exception hereinafter noted in regard to one district), the specifications for which were set forth on forms supplied by the respective districts and that this dispute centers around two of said items. The fifth item was listed as ‘ ‘ Bolls: Vienna, Hard, etc. ’ ’ with a given minimum weight and a specific formula. The sixth item was for French-type bread with a length of 21 inches and a minimum weight of 14 ounces.
It further appears that respondent Continental Baking Company, the successful bidder, pasted a slip on the bid form at the space called for item 5 which read ‘ ‘ Boll: Hard, Sandwich ’ ’ with a designated size and a minimum weight, which pasted slip covered descriptive matter set forth on the form. It also appears, with regard to item 6, that the bid form was changed so that the length figure of “ 21 ” “ was crossed out and 116 ’ ” inserted and, further, so that the minimum weight ounce figure of “ 14 ” was crossed out and “12” inserted. Apparently, from the answer of Continental before the Commissioner, these changes were ‘ ‘ approved in advance ’ ’ by the purchasing agent of the Foods Distributing Unit of the New York State Department of Education, same being communicated to Continental but not to the other bidders.
Generally speaking, the awarding of a contract on the part of a public official to one of several bidders requires the exercise on his part of judgment and discretion (Erving v. Mayor, Aldermen and Commonality of the City of N. Y., 131 N. Y. 133, 138; Matter of Luboil Heat & Power Corp. v. Pleydell, 178 Misc. 562, 566; Picone v. City of New York, 176 Misc. 967, 969) and, where there is found to be a rational basis for the administrative determination, the judicial function is exhausted and the administrative agency, not the court is the final arbiter (Matter of Bielec Wrecking & Lbr. Co. v. McMorran, 21 A D 2d 949, 951; Matter *710 of Rice v. Board of Educ. of City of N, Y., 15 A D 2d 958; Matter of Caristo Constr. Corp. v. Rubin, 15 A D 2d 561, affd. 10 N Y 2d 538; Matter of Kayfield Constr. Corp. v. Morris, 15 A D 2d 373, 378; Matter of Kaelber v. Sahm, 281 App. Div. 980, affd. 305 N. Y. 858). Thus, the courts may not interfere, in an article 78 proceeding brought by a bidder, with the lawful exercise of discretion vested in the awarding body (Matter of Tuller Constr. Co. v. Lyon, 257 N. Y. 206; Matter of Glen Truck Sales & Serv., 31 Misc 2d 1027; Matter of Limitone v. Galgano, 21 Misc 2d 376, 378; Matter of Kniska v. Splain, 201 Misc. 729, 731) and rarely will the court by way of an order in the nature of mandamus direct an administrative agency or official to award a contract to a particular bidder (Matter of Albro Contr. Corp. v. Department of Public Works of State of N. Y., 13 Misc 2d 846, 849; Matter of Luboil Heat & Power Corp. v. Pleydell, 178 Misc. 562, 566, supra).
Bids must conform substantially to the advertised specifications and, where there is a substantial variance between the specifications and the bid, it is the right and duty of the public official or body to reject the bid, the test of whether a variance is material being whether it gives a bidder a substantial advantage or benefit not enjoyed by other bidders (Matter of Glen Truck Sales & Serv., 31 Misc 2d 1027, supra; 1 Antieau, Municipal Corporation Law, § 10.11, p. 699).
Subdivision 1 of section 103 of the General Municipal Law provides in part: “ Except as otherwise expressly provided by an act of the legislature or by a local law adopted prior to September first, nineteen hundred fifty-three, * # * all purchase contracts involving an expenditure of more than one thousand dollars, shall be awarded by the appropriate officer, board or agency of a political subdivision or of any district therein * * * to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section.” The aim of this statute is to obtain the lowest price for the purchase or work under consideration and every element which enters into the competitive scheme should be required equally for all and should not be left to the volition of the individual aspirant to follow or to disregard and thus to estimate his bid on a basis different from that afforded the other contenders, a common standard by which all bidders are to be measured being implied by the statute (Matter of Glen Truck Sales & Serv., 31 Misc 2d 1027, supra; Grace v. Forbes, 64 Misc. 130,138).
In reviewing determinations of the Commissioner of Education made under section 310 of the Education Law, a court is *711 limited by the portion thereof reading: ‘6 Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the saíne; and the commissioner of education may also institute such proceedings as arc authorized under this article and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever”; but, despite the “finality” of section 310 the courts have allowed review where the Commissioner’s determination was “purely arbitrary”; and the rule has been stated that, in reviewing factual determinations of the Commissioner, that same will not be reversed unless they depend upon such arbitrary and naked power that no reasonable man could reach the result (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136; Matter of Ross v. Wilson, 308 N. Y. 605, 608, 617; Matter of Levitch v. Board of Educ. of City of N. Y. 243 N. Y. 373, 375; Matter of Board of Educ. of Cent. School Dist. No. 2 v. Allen, 14 A D 2d 429, 431-432, affd. 12 N Y 2d 980; Matter of Cochran v. Levy, 176 Misc. 666, affd. 263 App. Div. 921).
Here, as to item 5, the specifications called for “Rolls: Vienna, Hard, etc.” and the Commissioner has held that the “ specifications in this regard did not require the submission of a ‘ Vienna hard roll ’ only.” This specification was rather ambiguous and it cannot be said that no reasonable man could reach the same result as the Commissioner as to this item; there was a rational basis for the Commissioner’s determination in this respect.
As to item 6, regarding French-type bread, and with the exception as to one district hereinafter noted, there was a substantial variance between the specification (calling for a loaf 21 inches long and 14 ounces in weight) and the bid (offering a loaf 16 inches long and 12 ounces in weight). Obviously this was a material and substantial variance because, by its allowance, it gave Continental a substantial advantage or benefit not enjoyed by other bidders. It cannot be justified on any rational, reasonable or legal basis. To countenance same means that bidders need not be treated equally, that one bidder may disregard the competitive scheme if he so desires and that a common standard need not be applied to all. No reasonable man can reach the result of permitting same and, hence, the approval was arbitrary.
Because the school year is now in progress, this decision is arrived at with some measure of reluctance. However, to rule otherwise would be to invite and condone abuses in competitive bidding which well-established legal principles were intended to *712 eliminate in the public interest and in furtherance of ordinary fair play.
The application of petitioner is denied and the petition is dismissed insofar as it relates to the contract between the Continental Baking Company and Union Free School District No. 3, Town of Hempstead, Nassau County (in regard to which it appears that said district did not solicit or receive any bid for item 6) and to the contract of said company with Union Free School District No. 11, Town of Hempstead (where the “ Information for Bidders ” stated among other things: ‘ ‘ .Substitutes or alternates may be offered by bidders as ‘ equal ’. However, the 1 equivalency ’ of a substitute product is discretionary with the Board of Education and will be determined solely by them.”) and, except for said two contracts, the remaining portion of the determination of the Commissioner is vacated and annulled and the application of petitioner is granted to the extent of setting aside and nullifying the remaining contracts of said respondent districts and Continental Baking Company.