Harold E. Koreman, J.
Petitioner seeks an order pursuant to article 78, CPLB, permanently enjoining the State University Construction Fund (hereinafter called the Fund) and certain officials of the Fund from entering into a contract with Lovisa Construction Co., Inc. (hereinafter called Lovisa) for construction of a heating plant. A direction is also sought awarding *984 the contract to petitioner. A temporary restraining order is now in effect enjoining the Fund from entering into the contract with Lovisa pending a determination of this application. Respondents Fund and its officials have cross-moved for an order dismissing the petition for failure to state facts entitling it to the relief sought.
It is not disputed that upon the opening of the bids, respondent Lovisa’s bid was approximately $34,000 lower than petitioner’s. Nor is it questioned that respondent Lovisa is qualified, responsible and reliable. The information for bidders in the bidding documents contained the provision which required the lowest three bidders to submit the names of their proposed subcontractors for electrical, heating, ventilating and air conditioning, plumbing, concrete work, roofing and ceramic and quarry tile work, within 48 hours after the bids were opened. Petitioner complied with this requirement respecting its subcontractors, while respondent Lovisa did not include the names of the subcontractors who were to perform the roofing and the ceramic and quarry tile work within that stipulated period of time. The Fund, however, granted Lovisa an extension of time to furnish the names of the subcontractors it had omitted, and it did submit them within the extended time period. Petitioner contends that such extension of time granted to Lovisa constitutes a material variance from the requirements of the specifications, and results in giving a competitive advantage over bidders who listed their subcontractors as required by the information to bidders. Petitioner’s position is that the failure to enforce this requirement in the case of all bidders has the effect of relieving a bidder of the necessity of ‘1 buying out ” such subtrades prior to bidding and permits a bidder to ‘ ‘ shop around ” after it has been determined that he is the successful low bidder. Consequently, petitioner asserts that to award the contract in question to Lovisa would be a clear violation of statutory bidding requirements, and that the contract should be awarded to it as the lowest bidder in conformance with the bidding documents.
The respondent Fund maintains that the requirement for submission of names of proposed subcontractors is not required by law but is an administrative one only to aid the Fund in evaluating the bidder’s qualifications. As such, the Fund argues, it is a mere informality which it has authority to waive if it believes that the public interest will be promoted thereby. (Education Law, § 376, subd. 8, par. b.) Furthermore, the Fund points out that the naming of the proposed subcontractors by thé bidders could in no way affect or change the work cov *985 ered by the respective bids, and could not change the amounts of the bids after they were opened regardless of which subcontractors were proposed or of the time they were proposed.
Petitioner bases its right to the relief sought on our holding in Matter of Margrove, Inc. v. Office of Gen. Servs. (51 Misc 2d 596, affd. 27 A D 2d 321, affd. 19 N Y 2d 901) to the effect that a letting agency is not authorized to award a contract in a manner not provided for in the proposal and general specifications, and the making of such a contract is not in the public interest even though a cash saving may result to the State. The relief afforded in Matter of Margrove, Inc., however, was based on the fact that the State agency arrived at its determination of the lowest bidder by accepting a combination of bids which were not provided for in the proposals and specifications, and rejected the bid that was in fact the lowest, had the contract been awarded in conformity with the proposals and specifications. The courts rejected the argument in that case that the award was justified since it resulted in a cash saving. Here, we are concerned with a requirement which does not become operative until after the bids are submitted and opened. Thus, it could not be said that any bidder enjoyed any advantage over another at the time the bids were submitted. No bidder would have any reason to believe or any right to assume that any other bidder would not submit the names of his subcontractors within 48 hours after the bid opening, nor would they have any right to assume that there would be a waiver of the time limitation if any bidder failed to comply with it. Since neither the amounts of the bids nor the work required to be done by the specifications could in any way be affected after the names of the proposed subcontractors were submitted, all bidders were on an equal footing. Under these circumstances, I am of the opinion that the Fund had the authority to waive the failure on the part of Lovisa to submit all of the subtrades within 48 hours, if it believed that the public interest would be promoted thereby. (Education Law, § 376, subd. 8, par. b.) Here, as distinguished from Matter of Margrove, Inc., the low bidder was not determined by any considerations not provided for in the specifications or information for bidders, and the Fund could properly waive the post-bid requirement in the exercise of its discretion that the public interest would be served by a saving of about $34,000. The evil complained of by petitioner that can result from a contractor’s failure to conform to the post-bid requirement is recognized by the court, and the advisability of the practice of waiving such requirement may be subject to question. However, under the facts and circum *986 stances here, it has not been shown that petitioner was deprived of an equal opportunity to compete in the bidding on the subject contract as a result of the waiver by the Fund of this requirement. The agency or person charged with the responsibility of decision should have its decisions upheld, and in order to form a basis for judicial intervention, it must be demonstrated that the method used in awarding of the contract was clearly arbitrary and without authority or foundation. (Matter of Kayfield Constr. Corp. v. Morris, 15 A D 2d 373; Matter of Kaelber v. Sahm, 281 App. Div. 980, affd. 305 N. Y. 858; Matter of Graziani v. Rohan, 10 A D 2d 154, affd. 8 N Y 2d 967.) In this respect the petition fails to state facts to entitle it to the relief sought, and, accordingly, the cross motion for dismissal of the petition is granted.