■ In the Matter of EDWARD B. FITZPATRICK, JR., ASSOCIATES, INC., et al., Respondents-Appellants, v. COUNTY OF SUFFOLK et al., Appellants-Respondents. — In a proceeding pursuant to article 78 of the CPLR to annul a determination of respondents other than Terminal Construction Corp. and hereafter together referred to as "the County", which rejected petitioners' bid upon General Construction Contract No. I-5G for the water pollution control plant of Southwest Sewer District No. 3 of Suffolk County as nonresponsive and equivocal and awarded the contract to respondent Terminal Construction Corp. as the lowest responsive bidder, the County appeals from a judgment of the Supreme Court, County of Suffolk, entered August 23, 1974 after a nonjury trial, which annulled said contract award and petitioners and respondent Terminal Construction Corp. appeal from stated separate portions of the judgment. Judgment reversed on the law, with costs jointly to appellants-respondents appearing separately and filing separate briefs, against respondents-appellants, proceeding dismissed on the merits and determination confirmed. The trial court in its decision *sua sponte* declared the entire bidding procedure invalid because of an addendum (No. 3) to the original bid instructions which eliminated certain contingent items from the low bid computation. By this addendum the County reduced the previously stated quantities of certain contingent and changed work to zero, thus eliminating them from the low bid computation. We hold that this was not contrary to the letter or spirit of section 104 of the General Municipal Law. It was not contrary to the *letter* because it could not be known in advance whether any of the work would be required. It was not contrary to the *spirit* because it could not be deemed as encouraging favoritism or corruption (cf. *Matter of Signacon Controls* v. *Mulroy*, 32 N Y 2d 410, 414), especially since these items, as quantified in the original bid instructions, were a minuscule portion of the entire job. Nor did such exclusion from computation of the low bid prevent the obtaining of the "lowest price practicable" (p. 414) either of the entire job in general or of the contingent items in particular. The County's issuance of Addendum No. 3 followed the request therefor of the General Contractors Association of New York and was based on the County's conclusion, as set forth in an affidavit appended to the answer of the County in this proceeding, that the contingency of the items made them "perhaps not applicable [and] might unnecessarily inflate the base bid"; the County sought to avoid an award to one whose bid was not the lowest for the work known to be required. This conclusion was not arbitrary or capricious; it was a reasonable method of obtaining the "lowest price practicable" for the entire job. The bidding instructions retained the requirement that unit prices for the contingent items be quoted; they further stated that if the County deemed the prices to be unreasonable, the County could at its option reject them (Contract, § 3A, par. 30, p. 13). Exercise of this option would make applicable the provisions in general for the negotiating of prices for extra work (Contract, § 2B, subd. VII, par. 7, p. 36; cf. 1957 Atty. Gen. [Inf. Opns.] 108–109). The County's rejection of petitioners' bid as nonresponsive and equivocal was within the ambit of its discretion, since it was reasonably and plausibly based on the deficiencies and errors of petitioners' bid (*Matter of Kaelber* v. *Sahm*, 281 App. Div. 980; *Matter of Zara Contr. Co.* v. *Cohen*, 45 Misc 2d 497, 499, affd. 23 A D 2d 718). Latham, Acting P. J., Christ, Benjamin, Munder and Shapiro, JJ., concur.