William R. Roy, J.
This is a proceeding pursuant to CPLR article 78 seeking a judgment annulling the action taken by the Board of Fire Commissioners, Lysander-Cody Fire District, in awarding the contract for a new fire apparatus to the Young Fire Equipment Corp. (Young) and directing instead that the contract be awarded to the Sanford Fire Apparatus Corp. (Sanford).
The facts are relatively clear. It appears that the Board of Fire Commissioners of the fire district is charged by law with the function and duty of advertising for bids for new fire apparatus and awarding contracts to the proper bidder according to paragraph 23-a of section 176 of the Town Law. That section provides that the Board of Fire Commissioners "shall award all contracts for public work and all purchase contracts to the lowest responsible bidder after advertising for bids where so required by section one hundred three of the general municipal law.”
*993 On October 1, 1974, the Board of Fire Commissioners sent out specifications and invitations for bids on a new pumper to several companies in the business of furnishing fire apparatus. On October 16, 1974, respondent, Board of Fire Commissioners, advertised that it was requesting bids for a fire truck in accordance with plans and specifications submitted by the board.
The specifications did not state time or method of payment; however, where a contract or an offer to submit bid is silent as to terms of payment it will be presumed that payment is due on delivery. (10 NY Jur, Contracts, § 265; also Uniform Commercial Code, § 2-310, subd [a].)
Two bids were received on October 22, 1974 — one from Young and the other from Sanford.
The price quoted by Young was as follows:
"This proposal is offered under the following Terms and Conditions:
"1. Estimated delivery time is 120 days after receipt of accepted contract.
"2. Proposal will remain open for a period of 30 days.
"3. Payment and delivery shall be in accordance with the provisions in the contract.
$54,232.00”
The Sanford bid was as follows:
"Fifty-four thousand seven hundred twenty-nine Dollars ($54,729.00).
"your specifications are incorporated herein and are
MADE A PART OF THIS BID AS IF SET FORTH AT LENGTH.
"Delivery to be within four (4) months after award of contract.
"Terms are cash on delivery and acceptance of the vehicle.”
As an alternative bid, which petitioner acknowledges is not in accordance with the law, and the specifications outlined, Sanford offered deductions as follows:
"Due to the high interest rates, we are offering the following options:
"1. If Vs of the contract price is paid down upon receipt of chassis at Sanford’s and delivery of title and proper vouchering to the Village, you may deduct $500.00 Five Hundred Dollars from the amount bid.
"2. If an additional Vs of the contract price is paid upon *994 mounting of pump and body on the chassis, and proper vouchering for same to the Village, you may deduct an additional $300.00 Three hundred Dollars from the amount bid.”
An examination of the contract submitted by Young with the bid reveals the following:

"Terms & Conditions:

"The following progressive payment schedule is hereby accepted by the Buyer, with the provision that the Company shall submit a properly notarized invoice and voucher with each request for payment and that payment is due within 10 days after date of invoice and voucher. An adequate supply of vouchers shall be supplied to the Company by the Buyer if the Buyer requires the use of a special form.
"1. The Representative Price of the Chassis: $15,019.00
"2. The Representative Price of the Pump and
Pumping Equipment: $11,802.00
"3. The Representative Price of the Fabricated
Components: $14,616.00
"4. The Representative Price of the Items Listed
as Miscellaneous Equipment: $ 4,660.00
"5. The Representative Price of Final Assembly,
Engineering, General & Administrative: $ 8,135.00
PROPOSAL PRICE $54,232.00”
The progressive payment schedule and interest penalty provision contained in item 8 of the contract was submitted as part of Young’s bid.
At a meeting of the Fire Commissioners on the 22nd day of October, 1974, the two bids previously referred to were opened and on the next day, October 23, 1974, after a lengthy discussion and further study, the Fire Commissioners voted to accept the Young bid.
It is obvious from a review of the contract submitted by Young that, sometime after the bid opening, the contract that had been submitted by Young was changed and language inserted which the commissioners must have considered as part of Young’s bid. The addition, which was initialed by a number of parties and done in pen, as against the balance of the contract which was typewritten, stated: "Total price shall be paid on delivery and acceptance of apparatus.”
It was acknowledged upon oral argument of this motion by the attorney for the Board of Fire Commissioners, Lysander *995 Cody Fire District, that it has never been the procedure of the district nor is the district allowed by law to make prepayments, as to do so would be a violation of subdivision 4-a of section 176 of the Town Law. This subdivision provides that the fire commissioners "shall audit all claims against the fire district and shall * * * order the payment thereof by the fire district treasurer in the amounts allowed. Except as otherwise provided by this subdivision, no such claim shall be audited or ordered paid by the board of fire commissioners unless an itemized voucher therefor, certified by or on behalf of the claimant, in such form as the board of fire commissioners shall prescribe, shall have been presented to the board of fire commissioners for audit and allowance.” A recent opinion of the State Comptroller comments as follows on this section: "Inasmuch as [subdivision 4-a of section 176 of the Town Law does not permit prepayment and] as no other sections of the law [can be found] permitting prepayment for equipment and materials supplied to a fire district, it is our opinion that such prepayment is unauthorized.” (25 Opns. St. Comp., 1969, 309, 310.)
Petitioner contends that since the prepayment method is illegal, the entire bid should be disqualified since there was no bid that was submitted to the board showing the actual price if payment was in fact due on delivery.
The affidavit of H. Glen Rumsey, Chairman of the Fire Commissioners of the district, states in substance that he and the other commissioners have always followed the long-standing policy of paying cash on delivery for any goods or equipment rather than by plan or arrangement whereby the fire equipment manufacturer allows installment payments or discounts based on prepayment while the fire apparatus is still in the manufacturer’s possession. While discussing the alternate bid proposal of Sanford with reference to the fire district receiving a discount by making certain advance payments, the commissioner refers to subdivision 4-a of section 176 of the Town Law prohibiting any other type of payment other than payment upon receipt of the fire apparatus and then only after presentation of a proper voucher and audit by the Fire Commissioners.
Young’s bid of $54,232 was $497 less than the Sanford bid. There is no question in my mind that the bid of the Young company, when opened by the board, contained only the progressive payment schedule as set forth earlier in this *996 decision. There is likewise no question that the Sanford bid set forth its final price to be paid upon delivery as well as an alternative discount type provision.
The affidavit of H. Glen Rumsey also states that, in addition to the lower price, other considerations entered into their decision to purchase the pumper from Young. For example, the Young apparatus was going to be available within a few weeks from the date of the bid acceptance, and, as a matter of fact, the pumper was delivered to the fire district on November 23, 1974, one month after awarding of the contract.
Also, one of the Fire Commissioners, along with the Fire Chief and Assistant Chief, had visited the Young factory in Lancaster, New York, and had an opportunity to carefully inspect and examine the fire apparatus being manufactured, as well as an opportunity to inspect the pumper which was eventually delivered to the fire district in November of 1974.
No one claims that municipalities be stripped of all discretion so as to make them mere ministerial agents. A municipality has reasonable discretion in determining which bids to accept or reject and the courts will not second-guess that determination if there was a reasonable basis for it. (Matter of Gottfried Baking Co. v Allen, 45 Misc 2d 708.)
The question presented is whether the board was empowered in the exercise of discretion to allow Young’s contract (its bid) to be changed after Sanford’s bid had been opened.
"It is the general rule that a bid for a public contract must comply with the conditions of the bidding [citing case]. This general rule is subject, however, to the refinement that a variance may be waived by the public body, if not material (10 McQuillin, Municipal Corporations [3d ed], § 29.68, p 339). 'The test of whether a variance is material is whether it gives a bidder a substantial advantage or benefit not enjoyed by other bidders.’ (1 Antieau, Municipal Corporation Law, § 10.11, p 699; [citing case].” (Matter of Glen Truck Sales & Serv. v Sirignano, 31 Misc 2d 1027, 1030.)
" 'Every element which enters into the competitive scheme should be required equally for all and should not be left to the volition of the individual aspirant to follow or to disregard and thus to estimate his bid on a basis different from that offered to other contenders.’ [Citing case.] When essential information is missing from a bid when it is opened, it may not be supplied then or thereafter by a private understanding between the bidder and the board, nor otherwise [citing case].” *997 (Matter of Glen Truck Sales & Serv. v Sirignano, supra, p 1030.)
In arriving at its figure of $54,232 pursuant to their progressive payment schedule, Young must have considered the potential benefits that would inure to it either through interest earned by investment of the moneys paid to them pursuant to the payment schedule by the district or the lack of expense in the nature of interest rates that would have been required had it been necessary for them to borrow the moneys for use in construction of the fire apparatus. This is in addition to the interest provision contained in paragraph 8 of the contract.
One cannot help but speculate as to what Young’s response to the district’s acceptance of their figure as a final payment upon delivery would have been had the Sanford bid figure been substantially higher than it actually was. The procedure adopted by the board gave Young the option, after the bidding was public, to decide whether to remain in the competition or not and thus to enjoy an advantage which the other bidder did not have. (Matter of Glen Truck Sales & Serv. v Sirignano, supra.) The board allowed Young to change its bid after Sanford’s bid was opened.
How can the board consider the progressive payment schedule in Young’s bid to be tantamount to the final amount due upon delivery of the apparatus and at the same time ignore petitioner’s admittedly improper alternative bid which, if allowed, would have made petitioner’s bid lower by some $300?
No scheme or device promotive of favoritism or unfairness or which imposes limits not applicable to all bidders alike will be tolerated. (Matter of Pennie, 108 NY 364; Tifft v City of Buffalo, 25 AD 376, affd 164 NY 605.)
Petitioner, in addition to requesting a judgment annulling the action of the Board of Fire Commissioners, seeks a direction of this court that the contract be awarded to the Sanford Fire Apparatus Corporation. The notice to bidders contained a provision that the Board of Fire Commissioners reserves the right to reject any and all bids not fully conforming to these specifications, as well as the right to reject any and all bids, based upon what is best suited to the Lysander-Cody Fire District’s particular needs. Also subdivision 1 of section 103 of the General Municipal Law provides: "Such officer, board or agency may, in his or its discretion, reject all bids and readvertise for new bids in the manner provided by this section.”
*998 Therefore, petitioner’s request for a judgment annulling the action taken by the Board of Fire Commissioners in awarding the contract for a new fire apparatus to the Young Fire Equipment Corp. is granted and petitioner’s request that this court direct that the contract be awarded to Sanford Fire Apparatus Corp. is denied.