**BAYCON INDUSTRIES, Inc. v. LEE COUNTY.**
No. 77-1397CA-JHS.
Circuit Court, Lee County.
August 11, 1977.

John R. Bush of Macfarlane, Ferguson, Allison & Kelly, Tampa, for the plaintiff.

James T. Humphrey, Jr and James G. Yaeger, Office of County Attorney for the defendant.

J. H. SHEARER, Jr., Circuit Judge.

*Final judgment:* Plaintiff filed its suit for injunctive, mandamus, and other relief and, among other things, sought a temporary injunction for purposes of maintaining the status quo. On June 17, 1977, this court recognized the stipulation of the parties whereby the status quo would be voluntarily maintained by the defendant, Lee County. Thereafter, defendant filed its answer and it is apparent to the court that it has jurisdiction of the parties as well as of the cause of action. Circuit courts have jurisdiction of injunction actions and the organic law provides that they shall have jurisdiction of mandamus actions. Fla. Const., Art. V, §5(b). A proper method for reviewing action of a county commission is by a complaint for injunction. *Board of County Commissioners of Hillsborough County v. Casa Development, Ltd. II,* 332 So.2d 651 (Fla. 2nd DCA 1976).

Boiled down to essentials, Baycon contends that it was the low bidder on the repairs to Sanibel Causeway Bridges and Cape Coral Bridge job which was let out for bid by Lee County. Defendant's engineer recommended that the bid be given to the next low bidder because (a) Baycon, in submitting its proposal or bid bond, utilized a cashier's check which did not have documentary stamps thereon, and (b) Baycon failed to return the specifications and contract documents with bid. It is without dispute that the defendant county simply followed the advice of the engineer. Baycon contends that the law does not require documentary stamps on cashier's checks and, after hearing from counsel, the court has concluded that documentary stamps are not required. With regard to the failure to return specifications with the bid, Baycon urges that such is not a material variance.

By the pleadings, the defendant county suggests that the bid bond was defective but during the trial of the cause, counsel for the county has advised the court that any defect has been remedied.

The evidence in the cause demonstrates that engineers for the defendant county prepared specifications and contract documents for repair of the Sanibel Causeway Bridges and Cape Coral Bridge; included therein are various documents, including a notice to bidders which is nothing more than an invitation to bid and, in fact, four bidders, including Baycon submitted bids; paragraph 12 of the specifications provides that a proposal guaranty consisting of either certified check, cashier's check, or surety bond accompany the bid and the evidence indicates that Baycon complied with this requirement; paragraph 20 of the specifications provides —

> "The contract will be awarded to the lowest responsible bidder whose bid complies with all requirements of the contract documents."

There is no suggestion by evidence or otherwise that there was any collusion or other improper action in connection with the bidding. That is to say, there is not the slightest hint in the evidence that any bidder obtained an advantage over another. Moreover, the evidence shows that the defendant county received the necessary evidence that Baycon was qualified and responsible. In this regard, the county does not contest the matter.

The plaintiff, Baycon, submitted the low bid in the amount of $119,693.09. The next low bid was in the amount of $125,001.50. The remaining two bids were substantially more and will not be discussed further.

The court is advised by counsel for the defendant county that no formal contract has been executed and that the county awaits the decision of this court for guidance.

*Opinion*

The overriding principle is that in bidding matters the public receive the best possible price for its work by a responsible contractor. The difference between the low and the second low bid in this case is $5,306.50 and, although this is not a large contract, it is certain that the county could be the subject of criticism if the second low bid was awarded under circumstances wherein the alleged defects in submission of the bid were not so substantial as to affect the integrity of the bidding process. In *Nielson v. City of St. Paul,* 252 Minn 12, 88 NW 2d 853 (1958), wherein the low bidder was five minutes late in submitting his bid, the court wrote—

> ". . . It will have to be conceded that, had not this low bid been accepted and the contract awarded and performed as it has been, the city officers might well have been criticized for not pursuing a competitive-bidding method designed to accomplish its normal purpose of giving all contractors an equal opportunity to bid and of assuring to the taxpayers of the City of St. Paul the best bargain for the least money."

The court concludes that the variances or irregularities in this matter were not material. First, there was no variance in the submission of the cashier's check because documentary stamps were not required. Although there was an irregularity in the failure of Baycon to return the specifications and contract documents (for which Baycon had paid), it would be ludicrous to suggest that such in any way affected the integrity of the bidding system for purposes of depriving the public of the low bid by a responsible bidder. The evidence did suggest that when advised of the discrepancy, Baycon's representatives offered to return the specifications immediately but the engineer declined the tender. Frankly, the court is at loss to understand such conduct. The only remaining irregularity is in the typing of the bid bond itself. The name of the person who acted as attorney-in-fact is Atkins, whereas a secretary typed under his signature "Adkins." However, the signature is Atkins as shown in the power of attorney and it is difficult to understand how such would constitute a material irregularity.

In accordance with the specification booklet statement to the effect that the bid will be awarded to the lowest responsible bidder, the lowest qualified bid must be honored. See *Hotel China & Glassware Company v. Board of Public Instruction of Alachua County,* 130 So.2d 78 (Fla. 1st DCA 1961); *Dedmond v. Escambia County,* 244 So.2d 758, 760 (Fla. 1st DCA 1971). Also, see *Harvey v. United States,* 105 US 671 (15 Otto 671), 26 L Ed 1206 (1882);

*Pennington v. Town of Sumner,* 222 Iowa 1005, 270 NW 629, 638-639 (1936); *Lynch v. Mayor, etc., of City of New York,* 2 App Div 213, 37 NYS 798 (1st Dept. 1896).

Finally, a minor variance will not invalidate a bid. In this regard, variance or irregularity is material only if it gives the bidder a substantial advantage over other bidders, and thereby restricts or stifles competition. See *Duffy v. Village of Princeton,* 240 Minn. 9, 60 NW 2d 27 (1953); *National Engineering & Contracting Co., Inc. v. Cleveland,* 76 Ohio Law Abstract 303, 146 NE 2d 340 (1957); *Claus v. Babiarz,* 40 Del. Ch. 500, 185 A 2d 283 (1962); *Application of Gottfried Baking Co.,* 45 Misc. 2d 808, 257 NYS 2d 833 (1964); *Centric Corp. v. Barbarossa & Sons, Inc.,* 521 P 2d 874 (Wyo. 1974).

The court is otherwise fully advised in the premises, and it is thereupon ordered and adjudged, that since there was no material variance or irregularity in the bid, or the bidding process, and further since there was no valid rejection of the bid by the county, the defendant county shall forthwith execute a written contract with the plaintiff, Baycon Industries, Inc., evidencing award of the contract to said Baycon of the Sanibel Causeway Bridges and Cape Coral Bridge job and said defendant shall refrain from awarding the job to any other bidder.