■ Blandford Land Clearing Corp., Respondent, v Joseph P. Davidson, as Commissioner of Parks of the City of New York, et al., Appellants.— In a proceeding, inter alia, to direct that a certain contract be awarded to the petitioner, the appeals are from a judgment of the Supreme Court, Kings County, entered January 6, 1978, which, inter alia, annulled the award of that contract to appellant Philip Lagana & Sons, Inc. (Lagana), and directed that the contract be awarded to petitioner. Judgment modified, on the law, by deleting the third decretal paragraph thereof. As so modified, judgment affirmed, without costs or disbursements. The relevant facts are

not in dispute. The department of parks advertised for bids for the removal of a certain number of dead, dying and undesirable trees and existing tree stumps, and for pit preparation, on city streets in the Borough of Brooklyn. The advertising stated that all bids were to be opened on November 14, 1977. Approximately one week prior to the opening of the bids, the City of New York reduced the number of the trees which were to be removed from 1,225 to 833 and reduced the number of tree pits to be prepared and paved from 663 to 468. Petitioner Blandford Land Clearing Corporation and appellant Lagana thereupon timely submitted their respective bids. At the bid opening of November 14, the appellant commissioner of parks received the following bids: "a) Petitioner $316,620  b) Walts Tree Service $320,720  c) Appellant Lagana $394,408". Petitioner was thereupon informed by the parks department that it was the apparent low bidder and that the contract would be awarded to it. Four days later, on November 18, petitioner was notified by someone from the parks department that it was not the low bidder and that appellant Lagana had been declared the low bidder and was to be awarded the subject contract. The basis for the park commissioner's new determination was that Lagana's total bid had been predicated on the original specifications of a higher number of trees and tree pits rather than on the revised lesser number of units. The commissioner calculated that Lagana's unit price was lower than petitioner's, and that if Lagana's unit price were multiplied by the revised number of tree units, Lagana's bid would have been the lowest received on November 14. This was done by the commissioner on the assumption that Lagana had merely made a mathematical error in multiplying the unit price by the wrong number of units. The commissioner verified this with Lagana, which confirmed that it had made an inadvertent unintentional error by mechanically multiplying the unit prices by the original quantities. Lagana advised the commissioner that it wished to remain with its initial unit price and have it multiplied by the revised number of trees. This resulted in a bid price of $305,916, which was lower than the petitioner's, and the commissioner accordingly concluded, based on the revised amount, that Lagana was the lowest responsible bidder and should be awarded the contract. Petitioner thereafter commenced this proceeding and, in a decision dated December 16, 1977, Special Term held that it was improper for the park commissioner to award the contract to Lagana since "there was no basis upon which the Parks Commissioner could find that Lagana had intended the same unit price to apply to *both* the original quantities set forth in its bid and to the revised lesser number of units [in the revised specifications]" (emphasis in original). This factor was crucial because if Lagana's unit price had been based on the original specifications (calling for a larger number of trees), it would be expected to be lower than a unit price based on the revised specifications. Thus, by giving Lagana the option to stay with his unit price while conforming it to the revised contract specifications, the commissioner was permitting Lagana to enjoy an advantage which the other bidders did not have. Special Term accordingly annulled the award to Lagana. In addition, however, Special Term directed that the contract be awarded to petitioner. It noted that such relief was warranted because the contract had to be awarded prior to December 31, 1977 in order to qualify for Federal funding. Nevertheless, the judgment appealed from was not signed until January 5, 1978. The award to Lagana was properly annulled. While we are mindful of the fact that the purpose of public bidding is to obtain the lowest bid *for the city,* "That result may be best achieved by the observance of procedures which provide fair and equal opportunity and treatment to all bidders. 'Every element

which enters into the competitive scheme should be required equally for all and should not be left to the volition of the individual aspirant to follow or to disregard and thus to estimate his bid on a basis different from that afforded to other contenders' " *(Matter of Glen Truck Sales & Serv. v Sirignano,* 31 Misc 2d 1027, 1030). Although appellants made much of the fact that Vincent Lagana, president of Lagana, stated in an affidavit that his unit price was based upon the *revised* specifications, that self-serving statement cannot support the commissioner's determination that Lagana's bid was based on a mere mathematical error. The fact is that Lagana's bid *may* have been based on the original specifications, in which case the other bidders were placed at an obvious disadvantage when Lagana was given the option of adhering to his initial unit price and of having it multiplied by the revised number of trees. If that were the case, the elements of the competitive scheme were not equal for all. However, we cannot agree with Special Term's decision to award the contract to petitioner. It appears that the Federal funding deadline of December 31, 1977 did not apply to this particular contract. The municipal appellants, in their brief, point out that all bids could have been rejected (General Municipal Law, § 103, subd 1) and we believe that such a course of action should have been followed under the circumstances of this case. Latham, J. P., Gulotta, Margett and Hawkins, JJ., concur.